IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DeROn McCOY, Jr.,**

    **Plaintiff,**

  v.          CASE NO.  16-3027-SAC-DJW

**ARAMARK CORRECTIONAL
SERVICES, et al.,**

    **Defendants.**

## O R D E R

  This pro se civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate at the Lansing Correctional Facility in Lansing, Kansas (LCF).  On April 22, 2016, the court dismissed this action without prejudice after plaintiff failed to submit the initial partial filing fee within the prescribed time.  This matter is before the court upon plaintiff's Motion to Alter or Amend Judgment.  The court grants this motion and reopens this case.  In addition, the court has screened plaintiff's Amended Complaint and finds that it is deficient.  Plaintiff is ordered to cure the deficiencies discussed below or this action will be dismissed.

**MOTION TO REOPEN GRANTED**

  Plaintiff alleges in his Motion to Alter or Amend Judgment (Doc. 7) that he made a timely written request to the appropriate prison official for transmission of funds from his

1

institutional account to the court for payment of the initial partial filing fee. He further alleges that he subsequently saw documentation indicating that the part fee amount had been charged to his account and thus believed that it was paid. Plaintiff provides exhibits that support his allegations. He has recently submitted the initial partial filing fee. The court finds from the foregoing that plaintiff has shown good cause, grants his motion, and reopens this case.

**MOTION TO AMEND COMPLAINT RECONSIDERED AND GRANTED**

When the court previously dismissed this action, it also denied plaintiff's motion to amend as moot. The court now reconsiders and grants this motion. Accordingly, the Clerk is directed to file the complaint attached to plaintiff's Motion to Amend (Doc. 3) as plaintiff's First Amended Complaint. Plaintiff's First Amended Complaint completely supersedes any prior complaint and is now the only complaint before the court.[1]

**SCREENING STANDARDS**

Because plaintiff is a prisoner suing government officials, the court is required by statute to screen his Amended Complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be

---

[1] The court notes that neither of plaintiff's complaints was submitted completely upon court-provided forms as is required by D.Kan. Rule 9. Plaintiff has substantially followed the forms.

2

granted, or seeks relief from a defendant immune from such relief.   28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).   A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**ALLEGATIONS AND CLAIMS**

3

Plaintiff challenges the origin, preparation, handling and service of the "Certified Religious Diet" (CRD) meals at the LCF. He names as defendants: "Aramark correctional services" ("Aramark"); "KDOC" (Kansas Department of Corrections); Patricia Berry; Rabbi M. Gilly; Cheryl Price; Julie Dockendoff; Ms. Burns; and John Doe Aramark worker.

As Count I in his complaint, plaintiff asserts violation of his rights under the First Amendment Free Exercise of Religion Clause. In support of this ground, he alleges the following. Defendant Aramark obtains their "meal components" from a manufacturer that is not "a reliable trusted certified kosher purveyor." Defendants Aramark, KDOC, Berry, Gilly and Price have implemented a CRD menu that purports to meet Kosher guidelines but contains non-Kosher meals and entrees. Defendants KDOC, Berry, Price, and Gilly do not require Aramark to provide plaintiff with a "factory sealed fully Kosher meal that meets Jewish dietary laws." Defendants Aramark, KDOC, Berry, Allen, Gilly, Burns and John Doe do not properly supervise and ensure that the entire preparation process of "CRD" meals meets all Jewish dietary laws; that pots, pans and serving utensils are stored and washed so they do not become "religiously unclean;" and that the reusable trays on which the CRDs are served do not become "cross-contaminated" and

4

religiously unclean or use disposable trays. Defendants Aramark, Dockendoff, Gilly, Allen and Berry do not have the religious menu approved by the "Rabbinical authority for KDOC (Rabbi Don Alpert)." Defendants Aramark, KDOC, Dockendoff, Gilly, Allen, Berry, Burns, and John Doe Aramark worker attempt to pass the CRDs off as meeting Jewish dietary laws, when items on the CRD menu are not Kosher or not designated as Kosher.

As Count II, plaintiff asserts violation of his rights under the Fourteenth Amendment. Under supporting facts, he alleges many of the same facts as under Count 1.

In his request for relief, plaintiff seeks compensatory and punitive damages, declaratory relief, and an injunction directing KDOC and Aramark to provide a "fully Kosher modified diet" as well as food preparation that meets Jewish dietary laws.

**DISCUSSION**

The Amended Complaint suffers from two main defects. First, it appears from the face of the complaint that plaintiff did not fully exhaust the available prison administrative remedies on his specific claims. *Id.* Under 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies prior to filing a lawsuit in federal court regarding prison conditions. *Id*. Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* The exhaustion of administrative remedies requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).[2] While failure to exhaust generally is an affirmative defense and a plaintiff is not required to plead it in the complaint, when that failure is clear from materials filed by plaintiff, the court may sua sponte require plaintiff to show that he has exhausted. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)(acknowledging district courts may raise exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and dismiss prisoner complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).

---

[2] The "inmate may only exhaust by properly following all the steps laid out in the prison system's grievance procedures." *Little,* 607 F.3d at 1249 (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim. . . . " *Id.* (citing *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002)).

Although plaintiff marked "yes" in response to the question regarding exhaustion of administrative remedies, his description of his efforts indicates that he presented a general claim only in his grievances that is significantly different from those raised in his complaint. His claims in his complaint as set forth above concern specific perceived shortcomings in the content, preparation and handling of CRDs. Plaintiff describes his grievances on the other hand as generally "concerning being placed on a Kosher modified diet" and being told by Chaplin Dunn that the CRD was the only modified diet provided besides the vegetarian diet. It thus appears from plaintiff's own allegations that he did not exhaust administrative remedies on the specific claims raised in his complaint prior to filing this lawsuit. Thus, prison administrators have not had a fair opportunity to address his specific complaints and there is no administrative record showing how they were addressed. As a result, plaintiff's Amended Complaint is subject to dismissal without prejudice pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B)(ii), and 42 U.S.C. § 1997e(c)(1), for failure to exhaust available administrative remedies.

Second, plaintiff fails to state a claim for relief under Section 1983 because his claims for injunctive relief are moot and his claims for money damages are not supported by an

7

allegation of physical injury. Plaintiff's claims for injunctive relief may be considered only as against those persons at the LCF who participated in the preparation and service of the CRD meals at the LCF about which he complains. Although plaintiff makes bald allegations that Aramark "correctional services" and KDOC failed to obtain proper meals and failed to supervise, he does not describe a policy of either defendant and show that it caused the alleged federal constitutional violations. Accordingly, plaintiff's claims against the only properly named defendants, that is the individual LCF officials and food staffers, were rendered moot upon his transfer out of the LCF.

Plaintiff's claim for compensatory damages appears to be barred by federal law. 42 U.S.C. § 1997e(e) provides, in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

*Id.* Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001)(applying § 1997e(e) to the plaintiff's First Amendment claim for free exercise of religion). Plaintiff's complaint fails to allege any physical

8

manifestation—even a *de minimis* injury—relating to his body or harm caused to his body by defendants' actions.  Since, Plaintiff has failed to allege physical injury, his compensatory relief claims are barred.  Section 1997e(e) does not bar recovery of punitive damages.  *Id.* at 881 (noting that punitive damages may be awarded for constitutional violations without a showing of compensable injury).  However, plaintiff's claims for punitive damages are subject to dismissal because he also fails to allege any facts to support such an award.

 Plaintiff is given time to show good cause why his claims for injunctive relief should not be dismissed as moot and his claims for damages should not be dismissed for the other reasons stated herein.  If he fails to show good cause within the prescribed time, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Alter or Amend Judgment (Doc. 7) is granted and this case is reopened.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend ((Doc. 3) is reconsidered and granted, and the clerk is directed to copy and docket the complaint attached to Doc. 3 as plaintiff's First Amended Complaint.

**IT IS FURTHER ORDERED** that plaintiff is given twenty (20) days in which to show good cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

Dated this 15th day of June, 2016, at Topeka, Kansas.


                    <u>s/Sam A. Crow</u>
                    **U. S. Senior District Judge**