IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DERON McCOY, JR.,

Plaintiff,

v.                              CASE NO.  16-3027-SAC-DJW

ARAMARK CORRECTIONAL SERVICES,
et al.,

Defendants.

## MARTINEZ REPORT ORDER

Plaintiff is currently an inmate at the El Dorado Correctional Facility in El Dorado, Kansas (EDCF).[1]  He filed this pro se civil rights complaint under 42 U.S.C. § 1983 claiming denial his First Amendment right to practice his religion.  This matter is before the court upon plaintiff's Second Amended Complaint (Doc. 15-1).  Plaintiff alleges that he has presented all his claims by way of the prison administrative grievance process.  The court finds that a responsive pleading is required and orders the preparation and filing of a Martinez Report.

---

[1]  The KDOC Offender website indicates that plaintiff arrived at the El Dorado Correctional Facility in El Dorado, Kansas (EDCF) on June 16, 2016. Plaintiff notified the court of his change of address on June 23, 2016.

In his Second Amended Complaint, plaintiff alleges that defendants are responsible for providing a Kosher diet to inmates that are in the custody of the Kansas Department of Corrections (KDOC). He claims in a very detailed manner that defendants are not obtaining, preparing, and providing religious meals that accord with his Jewish religious beliefs, and instead provide only the "certified religious diet meals" ("CRDs"), which do not comply with Jewish dietary laws. Plaintiff names as defendants: "Aramark correctional services," Inc.; Julie Dockendorff, Aramark dietician; Cheryl Allen, KDOC Dietician; Rabbi M. Gilly, Aramark religious authority; Paul Church, Aramark, head supervisor over KDOC kitchens operated by Aramark; Sheri Burns, Aramark shift supervisor, LCF maximum custody kitchen; John Randy Singletary, Aramark Supervisor, LCF; Patricia Berry, KDOC state contract monitor; and John Doe Aramark worker. Plaintiff seeks nominal and punitive damages, a declaratory judgment, injunctive relief, and costs.

Plaintiff provides no description of defendant John Doe and thus fails to adequately identify this person for purposes of service of process. Plaintiff does describe any acts on the part of the following defendants that show their personal participation in the alleged Aramark policy of not providing a Kosher diet that meets Jewish food preparation and dietary laws:

2

Sheri Burns, Aramark, Supervisor of LCF maximum custody kitchen; John Randy Singletary, Aramark, supervisor of inmates working in LCF maximum custody kitchen; and John Doe Aramark worker. Plaintiff's bald statement that these defendants knew the policy violated his religious rights is insufficient to establish their personal participation in promulgation of the allegedly unconstitutional policy. Likewise his claim of failure to supervise is nothing other than a conclusory statement. For these reasons, these three defendants are dismissed from this action.

The court finds that proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the EDCF and KDOC. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). The court orders officials of the Kansas Department of Corrections to prepare and file a *Martinez* Report.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Amend (Doc. 15) is granted, and the clerk shall file plaintiff's attached Second Amended Complaint.

**IT IS FURTHER ORDERED** that this action is dismissed as against defendants Patricia Berry, Randy Singletary, and John Doe, without prejudice.

**IT IS FURTHER ORDERED** that:

(1) The clerk of the court shall prepare waiver of service of summons forms pursuant to Rule 4(d) of the Federal Rules of Civil Procedure to be sent to the defendant state employees at no cost to plaintiff and summons to be served upon Aramark Correctional Services, Inc., and its employees by the United States Marshal or Deputy Marshal at no cost to plaintiff. The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendants.

(2) KDOC officials are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(c) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the court. Statements of

4

all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No further answer or motion addressed to the complaint shall be filed without leave of court until the *Martinez* report has been prepared and filed.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein.  This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the *Martinez* report ordered herein.  Upon the filing of that report, the KDOC may move for termination from this action.

Copies of this Order shall be transmitted to plaintiff, to defendants, to the Secretary of Corrections, and to the Attorney General of the State of Kansas.

**IT IS SO ORDERED.**

**Dated this 31st day of August, 2016, at Topeka, Kansas.**


**s/Sam A. Crow**
**U. S. Senior District Judge**