Deron McCoy Jr. #76814
P.O Box 311
Eldorado, Ks 67042

United States District Court
For the District of Kansas

Deron McCoy, Jr.,
    Plaintiff,

vs.                                                                 Case No: 16-3027-CM-DJW

Aramark Correctional Services, et al.,
    Defendants

### Plaintiff's Response to K.D.O.C request for extension of time to file Martinez report

Comes now the plaintiff in a pro se motion in response to K.D.O.C request for extension of time to file the Martinez report. The plaintiff request that the Court deny the defendants request for extension of time. In support of said response the plaintiff states the following;

### facts

1) On August 31, 2016, this court entered its order requiring that K.D.O.C prepare and file a Martinez report within 60 days of that order (ECF.17)

(1)

2) Any answer by the defendants was to be filed within 20 days after the filing of the Martinez report. (ECF 17)

3) The Martinez report was due October 31, 2016. (ECF 32)

4) Neither Sherri Price or K.D.O.C has served a motion for extension of time to file upon the plaintiff.

5) On Nov 9, 2016, the plaintiff received a motion for extension of time from counsel for Acumuck, Julie Puckendorff and Rabbi M. Gilly.

6) In that motion it states that on October 31, 2016 counsel for K.D.O.C filed a motion for an extension of time seeking 60 more days to file the Martinez report due to her case load (paragraph 4 of Defendants motion)

7)

## Arguments and Authorities

### Standard

Fed R. Civ P. 6(b)(1)(B) sets forth that "the court may, for good cause, extend the time... on motion made after the time has expired if the party failed to act because of excusable neglect." D. Kan rule 6.1 indicates that an extension of time to perform an act will not be granted if filed after the specified time expires to perform said act absent a showing of excusable neglect. This court explained that

(2)

"excusable neglect" is an "elastic concept" and whether it exists is an equitable determination taking into account the surrounding circumstances, including the following four factors: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith. Brown v. Univ. of Kan., 2011 U.S. Dist Lexis 48064 at 5 (D-Kan. May 4 2011).

A. Prejudice to plaintiff does exist.

Plaintiff will be prejudiced if the court grants defendants motion. First defendant K.D.O.C has not even served the plaintiff with its request for motion for extension of time. That coupled with the need for 60 more days makes it apparent that defendants are intending to stall. Further any additional time allowed is additional time that the plaintiffs First Amendment right to exercise his religion is extended. This factor mitigates in favor of plaintiff.

B. Length of delay and potential impact.

The court initially only granted 60 days to file the martinez report. KDOC now ask for 60 more days to file the martinez report. That length of delay would mean 60 more days that the harm done to the plaintiff is extended and 60 more days that the plaintiff would be denied his opportunity to get his case heard. It is the

(3)

Plaintiffs belief that their request by K.D.O.C is a stall tactic it is not that difficult and does not take that long to obtain IMPPs, menus and certain documents (which I have obtained myself all ready) and only further support my allegations. Therefore, this factor mitigates in favor of Plaintiffs.

C. Reason for delay

Apparently K.D.O.C request the extension due to heavy case load. This court explained that the delay due to: (1) mistakes in intepreting the rules; (2) disregard of a deadline due to heavy case load; and (4) missing a deadline due to tactical decisions are not considered excusable neglect. Alsbrooks v. Collecto Inc., 2010 U.S Dist Lexis 110162 (D.Kan. Oct 15 2010) Therefore since the delay is for heavy case load it is not excusable and this factor mitigates in favor of the Plaintiff.

D. Good faith.

Defendant K.D.O.C has not acted in good faith. Sherri Price should be well accustomed to preparing Martinez reports by now and should know the quickest way to get documents when preparing a Martinez report and the fact that she did not serve the plaintiff with a copy of the request coupled with the length of extension of time requested shows that K.D.O.C is not acting in good faith and attempting to stall.

(4)

## CONCLUSION

For all the foregoing reasons, the plaintiff respectfully request the Court deny the defendant K.D.O.C a extension of time to file the martinez report.

Date: 12-5-16

Respectfully,
Derron McCoy Jr
Derron McCoy Jr
P.O Box 311
Eldorado, Ks 67042

## Certificate of service

I Derron McCoy Jr, hereby certify that I had the foregoing e-filed using the efile system at E.D.C.F. on the 4 day of December, 2016

s/ Derron McCoy Jr

Date 12-6-16

(5)