IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DERON MCCOY, Jr.,

    Plaintiff,

    v.

ARAMARK CORRECTIONAL SERVICES,
et al.,

    Defendants.

Case No. 16-3027-DJW-CM

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Amend (Doc. 48). This is Plaintiff's third attempt at amending his Complaint,[1] which was filed in January 2016. His latest amendment consists of (1) adding the Kansas Department of Corrections ("KDOC") as a defendant, (2) adding, in light of the *Martinez* Report,[2] Defendant Dockendorff to his claim regarding purchasing non-kosher food, (3) correcting the spelling of Defendant M. Gilly to M. Fellig.[3] Only Defendant Patricia Berry responded to Plaintiff's motion to amend (Doc. 54). Plaintiff did not reply, and the time to do so has passed. For the reasons below, the Court grants in part and denies in part Plaintiff's motion.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they

---

[1] Doc. 1.

[2] Doc. 48.

[3] The correct spelling of the Rabbi's name remains unclear to the Court. Plaintiff suggests that his name should be spelled "Fellig"—or that's how the Court perceives Plaintiff's handwriting. Indeed, some of Plaintiff's exhibits show a signature that also looks like Fellig. But Plaintiff proceeds to use Gilly throughout his Third Amended Complaint. And the Rabbi, who is represented by counsel, has not, as far as the Court can tell, disavowed the spelling "Gilly" as reflected on the docket sheet. In fact, the Rabbi's motion to dismiss expressly uses "Rabbi M. Gilly." To the extent Plaintiff has erred, the Rabbi is welcome to correct his name for the record by noticing the Court.

do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[4] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[5] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[6] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[7] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[8]

Plaintiff seeks to add KDOC as a defendant in this case, seeking money damages and injunctive relief for the department's alleged violation(s) of the Religious Land Use and Institutionalized Persons Act ("RLUIPA").[9] Defendant Berry argues this amendment is futile because the claims against KDOC are barred by sovereign immunity. The Court agrees. With respect to money damages, the Eleventh Amendment, and the concept of sovereign immunity it embodies, bars suit against states for money damages.[10] A party's capacity to sue or be sued in federal court is determined by state law.[11] Kansas law does not authorize KDOC to be sued.[12]

---

[4] Fed. R. Civ. P. 15(a)(1).

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[8] *Id.* (quoting *Foman*, 371 U.S. at 182).

[9] 42 U.S.C. §§ 2000cc, *et seq.*

[10] *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Elephant Butte Irr. Dist. of New Mexico v. Dep't of Interior*, 160 F.3d 602, 607 (10th Cir. 1998).

[11] Fed. R. Civ. P. 17(b)(2).

Therefore, KDOC is immune from suit for money damages. With respect to his claim of injunctive relief against KDOC, the Tenth Circuit states that "[t]he only relief available to [Plaintiff] under RLUIPA is declaratory and injunctive relief against defendants in their official capacities."[13] Thus, the Court finds Plaintiff's claim(s) for injunctive relief against KDOC are also barred by sovereign immunity.

However, as Defendant Berry points out, Plaintiff has named a KDOC employee in her official capacity—herself. Defendant Berry offers a lackluster defense, merely questioning whether she is in a position to ensure injunctive relief is carried out.[14] The Court appreciates her candor, but respectfully disagrees with her position. For purposes of this motion, the Court finds that she is in a position to ensure injunctive relief is carried out. Defendant Berry is a contract compliance manager with the KDOC and oversees the contract with Defendant Aramark Correctional Services. Two examples of the way Defendant Berry could effectuate injunctive relief spring to mind: (1) because she oversees the contract(s) with Defendant Aramark, she could alter, terminate, or enforce compliance with Aramark's contracts should it (or KDOC) be found liable for a RLUIPA violation; (2) similarly, she could also enforce RLUIPA compliance with other food vendors. In other words, Defendant Berry is in a supervisory role, just perhaps not the typical kind contemplated by the cases she cited. The Court therefore finds that

---

[12] *Grayson v. Kansas*, No. CIV.A. 06-2375-KHV, 2007 WL 1259990, at *3 (D. Kan. Apr. 30, 2007) (finding K.S.A. § 75-5203 does not authorize KDOC to sue or be sued).

[13] *Warner v. Patterson*, 534 F. App'x 785, 788 (10th Cir. 2013) (citing *Warner v. Patterson*, 534 F. App'x 785, 788 (10th Cir. 2013) ("States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA....")).

[14] *See, e.g.*, *Grayson v. Goetting*, No. 15-CV-00198-NJR, 2015 WL 887800, at *4 (S.D. Ill. Feb. 27, 2015) ("[T]he proper parties in a claim for injunctive relief include the supervisory government officials who would be responsible for ensuring injunctive relief is carried out."); *Kay v. Friel*, No. 2:06-CV-23 TS, 2007 WL 295556, at *4 (D. Utah Jan. 26, 2007) (dismissing RLUIPA injunctive relief claims when asserted against defendants who were not able to provide the plaintiff the relief he sought).

Plaintiff's claim for injunctive relief is not wholly futile, and the Court construes his claim for injunctive relief as one properly asserted against Defendant Berry in her official capacity.

Defendant Berry also argues the Court should deny Plaintiff's amendment because it is untimely. She is correct that Plaintiff's proposed amendment comes a year and four months after the filing of this case, and she is correct that Plaintiff offers no explanation for the delay in asserting this amendment. Berry also complains that Plaintiff's latest attempt takes what currently is a fifteen-page Second Amended Complaint and turns it into a sixty-four page Third Amended Complaint, but notes that he goes into greater detail on his causes of actions against Defendants. While the Court largely agrees with her sentiment regarding Plaintiff's repeated amendments, the Court will nevertheless permit the amendment. Plaintiff's latest proposed amendment comes approximately two months after KDOC filed its *Martinez* Report.[15] Some of the delay is because Interested Party KDOC requested and received two 60-day extensions of time in filing the *Martinez* Report,[16] which had been ordered on August 31, 2016.[17] On these facts, the Court declines to find undue delay. But Plaintiff is advised that further amendments may be viewed with more skepticism.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Amend (Doc. 48) is granted in part and denied in part. It is granted in all respects *except* that the Kansas Department of Corrections is immune from suit and cannot be added as a defendant. Plaintiff's claim for injunctive relief is construed as one against Defendant Berry in her official capacity. The Clerk's Office is directed to redact paragraph 11 from page 4 of Doc. 48-3 and file it as Plaintiff's Third Amended Complaint.

---

[15] Doc. 41.

[16] Docs. 34 & 38.

[17] Doc. 17.

Dated June 14, 2017, at Kansas City, Kansas.

                                                                     <u>s/ David J. Waxse</u>
                                                                      David J. Waxse
                                                                       U.S. Magistrate Judge