**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DERON MCCOY, JR.,

      **Plaintiff,**

      **v.**

      Case No. 16-3027

ARAMARK CORRECTIONAL SERVICES,
et al.,

      **Defendants.**

**MEMORANDUM & ORDER**

This matter comes before the court upon defendants Aramark Correctional Services ("Aramark"), Paul Church, Julie Dockendorff, and Rabbi M. Fellig's Motion to Dismiss for Failure to State a Claim (Doc. 57); defendant Patricia Berry's Motion to Dismiss (Doc. 59); defendant Cheryl Allen's Motion to Dismiss (Doc. 70); defendant Allen's Motion for Extension of Time (Doc. 76); and plaintiff's Motion Requesting Class Certification and Motion to Appoint Counsel (Doc. 80).

**I.      Background and Facts**

Plaintiff, proceeding pro se, is currently incarcerated at El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").  Plaintiff filed this case on January 27, 2016 and was granted leave to proceed in forma pauperis.  On August 31, 2016, the court entered an order requiring the Kansas Department of Corrections ("KDOC") to review plaintiff's complaint, and to file a *Martinez* Report. (Doc. 17.)  KDOC filed its report on February 28, 2017.  (Doc. 41.)  The motions before the court are motions to dismiss.  Because the court resolves the issues in this case relying only on the pleadings, without considering the *Martinez* Report, it will not convert the pending motions to dismiss to motions for summary judgment.

-1-

Plaintiff's Third Amended Complaint, filed June 14, 2017, claims he was denied his First Amendment right to practice his religion pursuant to 42 U.S.C. § 1983, when he was not provided modified Kosher diet meals in accordance with his religious beliefs.  (Doc. 56.)   Plaintiff claims defendants violated his rights by failing to implement a policy or practice to purchase and serve Kosher meals to him as required by his religion, also citing the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5.

Around March 13, 2014, while incarcerated at Lansing Correctional Facility ("LCF"), plaintiff spoke with a chaplain who said he could not confirm to plaintiff that the Certified Religious Diet ("CRD") at LCF was certified Kosher.  Plaintiff includes an Affidavit claiming that all Aramark facilities only provide the CRD diet, not a truly certified Kosher diet.

After the chaplain told plaintiff that he could not confirm that the CRD meals were Kosher, plaintiff started his own investigation.   Plaintiff determined that the meal plans for all religious inmates are sometimes marked with a certified Kosher symbol but not always.  When he was called to the kitchen to do some electrical work, plaintiff observed that all meals are prepared in the same kitchen, transported together, stacked together, placed in the same location after eating, washed in the same machine, and stored in the same place.  Plaintiff explains that he was previously a Kosher cook when serving a prior sentence at Leavenworth Correctional Facility.  There, all Kosher meals were stored, cooked, and served sealed.  Plaintiff claims that defendants knowingly and intentionally failed to provide him with Kosher meals, depriving him of his constitutional rights.

Plaintiff claims that the First Amendment guarantees him the right to have his meals prepared and served in conformity with the Jewish dietary laws.  He wants his meals to be served still sealed (like "TV dinners"), pre-packaged, and visibly marked Kosher.  These meals should be prepared in a

separate room from the general prison population's meals, and any utensils or tools used to prepare them must be kept and cleaned separately.

Plaintiff seeks $200 in damages, $77,000 in punitive damages, costs of this suit, as well as a declaration from the court that defendants are violating plaintiff's rights, and a permanent injunction directing the KDOC and defendants to provide fully Kosher meals in conformity with Jewish dietary laws.

## II.    Legal Standards

### A.    Pro Se Plaintiffs

When a plaintiff proceeds pro se, the court construes his filings liberally and holds them to less stringent standards than pleadings filed by lawyers. *Barnett v. Corr. Corp of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011). Pro se plaintiffs are nevertheless required to follow the federal and local rules of practice and the court does not assume the role of advocating for plaintiff. *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014).

### B.    Fed. R. Civ. P. 12(b)(1) Motions to Dismiss for Lack of Subject Matter Jurisdiction

Dismissal pursuant to Fed. R. of Civ. P. 12(b)(1) is appropriate when the court lacks subject matter jurisdiction over a claim. Plaintiff claims that subject matter jurisdiction exists and has the burden of establishing it. *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). Because federal courts are courts of limited jurisdiction, there is a strong presumption against federal jurisdiction. *Sobel v. United States*, 571 F. Supp. 2d 1222, 1226 (D. Kan. 2008).

Motions for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's jurisdictional allegations; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based. *Holt v. United States*, 46 F.3d 1000, 1002–03

(10th Cir. 1995).  For a facial challenge, the court accepts the plaintiff's factual allegations regarding jurisdiction as true.  *Id.* at 1002.  But for a factual attack, the court does not presume that the plaintiff's allegations are true. *Id.* at 1003. Rather, "[a] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id.*

### C.    Fed. R. Civ. P. 12(b)(4) Motions to Dismiss for Insufficient Process

"When a defendant moves to dismiss on the basis of insufficient service of process, the burden shifts to the plaintiff to make a prima facie showing that he served process properly."  *Moore v. Univ. of Kan.*, No. 17-2359-JAR-GLR, 2017 WL 4422649, at *1 (D. Kan. Oct. 5, 2017) (quoting *Schwab v. State of Kansas*, No. 16-4033-DDC-KGS, 2016 WL 4039613, at *1 (D. Kan. July 28, 2016) (citing *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2009))).  The court "may consider any affidavits and other documentary evidence submitted by the parties and must resolve any factual doubt in a plaintiff's favor."  *Id.*

Fed. R. Civ. P. 4(e) provides that an individual may be served

following state law for serving a summons . . . delivering a copy of the summons and of the complaint to the individual personally . . . leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there . . . or delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Kansas law provides that individual service may be accomplished

by serving the individual or by serving an agent authorized by appointment or by law to receive service of process. . . . Service by return receipt delivery shall be addressed to an individual at the individual's dwelling house or usual place of abode and to an authorized agent at the agent's usual or designated address. If service by return receipt delivery to the individual's dwelling house or usual place of abode is refused or unclaimed, the sheriff, party or party's attorney seeking service may complete service by certified mail, restricted delivery, by serving the individual at a business address

after filing a return on service stating the return receipt delivery to the individual at such individual's dwelling house or usual place of abode has been refused or unclaimed and a business address is known for such individual.

Kan. Stat. Ann. § 60-304(a).

### D.      Fed. R. Civ. P. 12(b)(6) Motions to Dismiss for Failure to State a Claim

The court will grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).

The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.* "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The court construes any reasonable inferences from these facts in plaintiff's favor. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

### III.     Discussion

As a preliminary matter, the court notes that defendants Sheri Burns and Randy Singletary were dismissed without prejudice from this action on August 31, 2016 in the Honorable Sam A. Crow's *Martinez* Report Order (Doc. 17). The court notes that both Burns and Singletary are still listed in plaintiff's Third Amended Complaint, but doing so was insufficient to reinstate claims against them. They were not served and are no longer parties to this action. Plaintiff also claims that KDOC took certain actions and might be trying to assert claims against it. To the extent plaintiff is trying to do so, KDOC was never served, is not a party to this lawsuit, and has sovereign immunity.

### A.      Defendant Rabbi M. Fellig's Motion to Dismiss

Defendant Fellig moves to dismiss the claims against him pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and 12(b)(4) for insufficient process.  The court need not determine whether it has personal jurisdiction over defendant Fellig because the court finds that he was not properly served.

On August 31, 2016, the court issued a summons for "M. Gilly," now known to be Rabbi M. Fellig.  The summons and plaintiff's second amended complaint were served upon "M. Gilly, Rabbi, Aramark Religious Authority, c/o The Corporation Company, Inc., Resident Agent" in Topeka, Kansas. (Doc. 25.)  On September 13, 2016 the summons was returned executed. (*Id.*)  Service was accepted by someone named Samantha Milner.  Plaintiff claims that service was sufficient because Aramark is defendant Fellig's employer and resident agent and because counsel made an appearance on defendant Fellig's behalf.

Plaintiff provides no evidence that Aramark is defendant Fellig's employer or resident agent.  Simply addressing the service form to "M. Gilly, Rabbi, Aramark Religious Authority, c/o The Corporation Company, Inc., Resident Agent," does not make Aramark defendant Fellig's registered agent.  And a party does not waive his right to service of process upon counsel's entry of appearance on his behalf.  *Mettlen v. Kaste*, No. 16-4008-DDC-KGG, 2016 WL 5792774, at *2 (D. Kan. Oct. 4, 2016) (citing *Lewellen v. Morley*, 909 F.2d 1073, 1077 (7th Cir. 1990)).  Plaintiff has not made a prima facie case that defendant Fellig was properly served.  Defendant Fellig's motion to dismiss for insufficient service is granted.

### B.      Plaintiff's § 1983 Claims

#### 1.      Legal Standard for 42 U.S.C. § 1983 Claims

-6-

To state a claim under § 1983 plaintiff must show (1) the existence of a federally-protected right, and (2) that a person acting under color of state law deprived him of that right. *Wittner v. Banner Health*, 720 F.3d 770, 773 (10th Cir. 2013).

Prisoners retain constitutional rights when incarcerated. "Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citing *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1209 (10th Cir. 1999)). "Reasonable opportunity" in a particular plaintiff's case, is "determined in reference to legitimate penological objectives." *Id.* But the Tenth Circuit has repeatedly "recognized that an inmate's right to free exercise of religion includes the right to a diet that conforms with their religious beliefs." *Id.* at 1070.

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Id.* at 1069 (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)). Liability under § 1983 cannot be based on supervisory status alone, there must be "an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise. *Id.* (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997)).

To state a claim that defendants violated his right to free exercise of religion, plaintiff must adequately allege that each defendant "substantially burdened [his] sincerely-held religious beliefs." *Id.* (quoting *Kay v. Bermis*, 500 F.3d 1214, 1218 (10th Cir. 2007)). Plaintiff must show that defendants' actions constituted conscious or intentional interference with his free exercise rights; isolated acts of negligence are insufficient to violate a prisoner's constitutional rights. *Gallagher*, 587 F.3d at 1070.

**2.      Discussion**

-7-

### a.    Eleventh Amendment Immunity

Defendant Berry is a KDOC employee and the only state employee sued in this action.  She asserts Eleventh Amendment immunity for claims against her in her official capacity, for money damages, and retroactive relief.  "The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state."  *Jones v. Courtney*, 466 F. App'x 696, 698 (10th Cir. 2012) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).  Section 1983 does not abrogate Kansas's Eleventh Amendment immunity and the state has not waived its immunity.  *Id.* at 700.  And individual defendants sued in their official capacity are absolutely immune from money damages and retroactive relief.  *Meiners v. Univ. of Kan.*, 239 F. Supp. 2d 1175, 1198 (10th Cir. 2002).  Plaintiff's official capacity § 1983 claims for money damages against defendant Berry are dismissed.

Defendant Berry moves to dismiss plaintiff's claims for declaratory relief because they do not fall under the *Ex parte Young* ruling, which allows plaintiffs to sue individual state officers acting in their official capacities if they allege an ongoing violation of federal law and seek prospective relief. 209 U.S. 123 (1908).  To the extent that plaintiff seeks money damages or a declaration from the court that defendant Berry violated his rights in the past, those claims are barred by the Eleventh Amendment.

### b.    Plaintiff's Substantive § 1983 Claims

Plaintiff claims that he is an Orthodox Jewish believer and that his beliefs include adherence to strict Kosher dietary laws.  As discussed above, federal caselaw supports plaintiff's position that prisoners have a constitutional right to a diet conforming with sincerely-held religious beliefs.  *See also Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002) (explaining that the Tenth Circuit "recognizes that prisoners have a constitutional right to a diet conforming to their religious beliefs).

For purposes of this motion, plaintiff has alleged sufficient facts to show he has a sincerely-held religious belief and that he is entitled to Kosher meals.  The court notes, that it is aware of no case law suggesting that prisoners have a constitutional right to factory-sealed TV dinners.  However, plaintiff's allegations are not limited to seeking TV dinners, he also suggests that the kitchens at the facilities where he has been housed do not comply with Kosher requirements, and that the food is not prepared and served according to Kosher requirements.

Defendants raise an interesting question about whether plaintiff's claims fail because he has not shown that he is entitled to receive any non-traditional diet.  Defendants suggest that plaintiff has not shown that he was entitled to receive the CRD or any other religious diet.  This might become a dispositive issue when the court considers the merits beyond the pleadings, but at the motion to dismiss sage, the court must determine whether plaintiff's factual allegations sufficiently state a claim. Plaintiff claims that he is sincere in his Orthodox Jewish beliefs, and that his beliefs require him to eat a Kosher diet.  Plaintiff suggests that there is no Kosher diet available in the Kansas prisons where he has been housed, because the CRD diet does not conform with Kosher requirements, both in substance and preparation methods.  Plaintiff bases this belief not on isolated instances but on statements from kitchen workers and plaintiff's observations on multiple occasions.

The court finds these allegations sufficient at this stage.  However, the court is aware of a previous suit filed by plaintiff seeking Kosher TV-style meals that was dismissed in part because plaintiff failed to otherwise conform to Kosher meal requirements by purchasing non-Kosher items from the commissary.  *See McCoy v. Henderson*, No. 12-3051-SAC, 2013 WL 823380, at \*1 (D. Kan. Mar. 6, 2013).

Next, plaintiff must allege facts showing that each individual defendant acted to substantially burden his right to receive Kosher meals.  Plaintiff alleges that defendants instituted a policy or

practice to implement the CRD meals, knowingly denying plaintiff his right to Kosher meals.  He claims that defendants either decided to implement the CRD diet, which plaintiff claims is not Kosher, or are responsible for implementing the meal plans.

### Remaining Defendants Berry, Aramark, Dockendorff, Church, and Allen

Defendants Berry, Aramark, Dockendorff, Church, and Allen argue that they cannot be held liable based on supervisory liability alone.  Generally, that is the case.  But

> § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or [his or] her subordinates) of which subjects, or causes to be subjected that plaintiff to the deprivation of any rights secured by the constitution.

Plaintiff describes just such a situation in this case.  Plaintiff states that defendants Allen, Dockendorff, and Berry signed the religious meals menu.  Plaintiff claims that defendants Aramark, Dockendorff and Church intentionally implemented and enforced a statewide policy or practice that fails to provide plaintiff Kosher meals in violation of his sincerely-held religious beliefs.  Plaintiff further claims that Aramark, Berry, and Dockendorff are the policy makers for the CRD menu.  Plaintiff says that Aramark, Berry, Allen, and Dockendorff are the policy makers who created and enforced the policy and procedure by which the CRD meals are prepared and food is handled in the facilities where plaintiff has been housed.  Any claims plaintiff makes that these defendants failed to supervise their subordinates, leading to the deprivation of plaintiff's constitutional rights are dismissed, but to the extent that plaintiff claims these defendants intentionally created, promulgated, implemented, or were responsible for the CRD menu—which plaintiff claims is not Kosher and therefore violates his rights—those claims remain.

### Defendants Aramark, Dockendorff, Church, and Allen

Defendants Aramark, Dockendorff, Church, and Allen are not government employees, they are private contractors.  As such, plaintiff must sufficiently allege that even though they were not

governmental entities, they were acting "under color of state law" because their actions were "fairly attributable to the State." *Wyatt v. Cole*, 504 U.S. 158, 162 (1992) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)).  To meet this burden, plaintiff must show 1) that his "deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and 2) that "the private party must have acted together with or . . . obtained significant aid from state officials or engaged in conduct otherwise chargeable to the State." *Id.*

Courts in this district have suggested that contracting with the state to provide essential food services to prisoners is likely sufficient for § 1983 liability.  *See Gallagher v. Shelton*, No. 03-3454-SAC, 2009 WL 902397 at n.15 (D. Kan. Mar. 31, 2009) (comparing contracts to provide essential food services to state contracts to provide essential medical services to state prisoners, which is sufficient for liability.  *See West v. Atkins*, 487 U.S. 42, 54 (1988)).

Although there are several tests for determining whether a particular defendant acted under color of law, each test requires the alleged conduct to be "fairly attributable to the State."  *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (quoting *Lugar*, 457 U.S. at 937). Here, plaintiff is incarcerated.  Inmates are reliant on the state, or in this case a private contractor and its employees, for everything from food to medical care.  As noted above, plaintiff has a right to receive Kosher meals if his sincerely-held religious beliefs so require.  Plaintiff has alleged that they do.  As noted above, plaintiff claims that these defendants are responsible for choosing and implementing the CRD meals at the facilities where he has been housed.  At the motion to dismiss stage, the court finds plaintiff's allegations sufficient.

**Damages**

-11-

Defendants Aramark, Dockendorf, Church, and Allen argue that plaintiff cannot recover damages because he claims no prior physical injury, and the Prison Litigation Reform Act of 1996 ("PLRA") bars recovery in the absence of physical injury.  42 U.S.C. § 1997e(e).  But plaintiff only claims nominal and punitive damages, which are not barred by § 1997e(3).  *Searles v. Van Bebber*, 251 F.3d 869, 878, 880 (10th Cir. 2001).  Defendants' motions to dismiss plaintiffs § 1983 claims are granted regarding defendant Fellig, and the official capacity § 1983 claim against defendant Berry and for any retroactive relief against her.   Otherwise they are denied.

### C.      Plaintiff's RLUIPA Claims

#### 1.        Legal Standard for RLUIPA Claims

RLUIPA prohibits government imposition or implementation of "land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."

RLUIPA "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion."   *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005).   RLUIPA does not "elevate accommodation of religious observances over an institution's need to maintain order and safety."  *Id.* at 721.  A requested "accommodation must be measured so that it does not override other significant interests."  *Id.*

To survive a motion to dismiss, plaintiff must sufficiently allege "(1) a religious exercise (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government."   *Williams v. Wilkinson*, 645 F. App'x 692, 699 (10th Cir. 2016).   To survive

defendants' motions to dismiss, plaintiff needed only to allege "that his request to eat a Kosher diet

was motivated by a sincerely held religious belief and that his exercise of that belief has been

substantially burdened by the government." *Id.* (citing *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312

(10th Cir. 2010)).  Religious exercise is substantially burdened under RLUIPA

> when (at the very least) the government (1) requires the plaintiff to participate in an
> activity prohibited by a sincerely held religious belief, (2) prevents the plaintiff from
> participating in an activity motivated by a sincerely held religious belief—for example,
> by presenting an illusory or Hobson's choice where the only realistically possible
> course of action available to the plaintiff trenches on sincere religious exercise.

*Id.*  (quoting *Yellowbear v. Lampert*, 741 F.3d 48, 55 (10th Cir. 2014)).  The court's analysis considers

plaintiff's subjective beliefs and whether the burden is subjectively substantial to him or her.  *Id.* at

699, 702.

## 2.   Discussion

The Tenth Circuit has held that RLUIPA does not create a cause of action for individual-

capacity claims.  *Stewart v. Beach*, 701 F.3d 1322, 1334 (10th Cir. 2012) (citing cases from the 3d, 7th,

5th and 11th Circuits that have also found there is no individual capacity liability under RLUIPA).  To

the extent that plaintiff asserts RLUIPA claims against defendants in their individual capacities, those

claims are dismissed.  That leaves plaintiff's RLUIPA claims against the individual defendants in their

official capacities and defendant Aramark.

### Defendant Berry

As discussed above, the states have not waived sovereign immunity under RLUIPA.  *Sossamon*

*v. Texas*, 563 U.S. 277 (2011).  Because there is no cause of action for personal capacity claims under

RLUIPA, plaintiff's claims against defendant Berry are dismissed.

### Defendants Aramark, Dockendorff, Church, and Allen

The private defendants argue that they were not acting under color of state law for the same

reasons discussed above under the § 1983 analysis.  The court rejects these arguments at this stage for

the same reasons discussed above.  Defendants also argue that plaintiff's beliefs, if any, were not substantially burdened by defendants.

But most of defendants' arguments regarding the substantial burden analysis rely on the *Martinez* Report, which the court will not consider until summary judgment.  At this stage, plaintiff has alleged that the CRD menu does not meet Kosher requirements and is not prepared according to Kosher methods.  This is sufficient to plead a substantial burden.  Plaintiff must eat.  According to the allegations in the Third Amended Complaint, plaintiff's beliefs require him to eat Kosher meals.  He claims that Kosher meals are not available at the prison.

At the motion to dismiss stage, plaintiff has sufficiently alleged that defendants were acting under color of state law and substantially burdened his religious beliefs.

### D.        Plaintiff's Motion for Class Certification and to Appoint Counsel

### 1. Plaintiff's Motion to Appoint Counsel

Plaintiff has not previously requested appointment of counsel in this case.  Plaintiff bears the burden to convince the court that there is merit to his claims.  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).  When considering motions to appoint counsel, the court evaluates the merits of the claims, the nature and complexity of the issues, and plaintiff's ability to investigate the facts and present the claims.  *Id.* (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).  There is no constitutional right to counsel in a civil case and whether to appoint counsel is left to the court's discretion.  *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

Plaintiff makes no argument in support of his motion to appoint counsel.  He simply states in a concluding paragraph of his motion to certify class that the court should "certify a class and appoint counsel for the class."  This is an insufficient showing.  But even if plaintiff had attempted to meet his

burden, the court finds that plaintiff can litigate these claims and understand the issues. He has

undertaken his own factual investigation and presents his claims comprehensibly. The issues in the

case are not scientific or technically difficult to understand. Plaintiff seems to have a firm grasp of the

facts and the law at issue. His motion to appoint counsel is denied.

## 2.      Plaintiff's Motion to Certify Class

Plaintiff seeks class certification for his claims. The court has considerable discretion in

deciding whether to grant class certification. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 345 (1979).

Defendant Allen notes that plaintiff has not complied with Local Rule 23.1's requirements that the

complaint be captioned with the language "Complaint – Class Action" and a separate section including

all "Class Action Allegations." D. Kan. Rule 23.1(a) (the allegations must include specific allegations

set out in Rule 23.1(a)). As the party seeking to proceed with this case as a class action, plaintiff must

also be prepared to "bear the expenses of and be responsible for giving" notice to members of the

class. Plaintiff was granted leave to proceed in forma pauperis. He is not able to bear the expense of

providing notice to potential class members. As noted above, although plaintiff proceeds pro se, and is

entitled to liberal construction of his claims, he is required to comply with local and federal rules of

procedure. Nevertheless, the court will consider the merits of plaintiff's motion.

Plaintiff has a strict burden of proof to establish Fed. R. Civ. P. 23(a)'s class certification

requirements: "(1) numerosity (a class [so large] that joinder of all the members is impracticable); (2)

commonality ('questions of law or fact common to the class') (3) typicality (named parties' claims or

defenses 'are typical . . . of the class') and (4) adequacy of representation (representatives 'will fairly

and adequately protect the interests of the class')." *Williams*, 645 F. App'x at 708–09 (quoting

*Amchem Prods. v. Windsor*, 521 U.S. 591, 613 (1997). Plaintiffs have the burden to present "an

evidentiary basis to the court showing that the action is properly maintainable" as a class action.  D. Kan. Rule 23.1(d).

### *Numerosity*

Generally, before addressing the Rule 23(a) requirements, the court would define a class that is "precise, objective, and presently actionable."  *Ogden v. Figgins*, 315 F.R.D. 670, 673 (D. Kan. 2016) (quoting *Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 670 (D. Kan. 2008)).  Class definition is "of critical importance because it identifies the persons (1) entitled to relief, (2) bound by a final judgment, and (3) entitled under Rule 23(c) to the best notice practicable. . ."  *Sibley*, 254 F.R.D. at 670.  Plaintiff does not suggest a class definition.  Out of an abundance of caution, the court will address each of the Rule 23(a) requirements anyway.

In his numerosity discussion, plaintiff suggests that his proposed class would include all inmates affected by the policy decision to stop serving sealed Kosher meals and start serving CRD meals.  He mentions that his class would include every KDOC inmate who requires Kosher meals; specifically, Assembly of Yahweh; House of Yahweh; and Jewish believers at all nine KDOC facilities.  He claims that there are over 100 Jewish believers currently incarcerated and others who have been released in the last five years who have been affected by the policy change.

Plaintiff need not identify an exact number of potential class members or their identities—a reasonable estimate with some evidence of the members who might be involved is sufficient.  *Ogden*, 315 F.R.D. at 673.  But plaintiff's estimate is not reasonable.  First, the court finds including former inmates impracticable both from a logistic standpoint and because their claims are likely moot or not legally cognizable.  Second, plaintiff's claim that all believers in three separate Jewish religious groups all require meals conforming to Kosher dietary restrictions is not supported.  For example, the court

does not have information before it detailing how many of plaintiff's estimated "100 plus" inmates

have requested and been denied Kosher meals.

Plaintiff does insert an et al., after his name in the case caption, add Anthony Jefferson's case

number to it, and refer to "plaintiffs" instead of "plaintiff" in his motion.  Plaintiff has not filed a

motion to consolidate his case with Mr. Jefferson's and simply reiterates all of the allegations of his

own pleadings as factual basis for this motion.  Plaintiff has not defined a class or shown that it is

sufficiently numerous for class certification.

*Commonality*

Next, plaintiff must show that the members of his putative class "possess the same interest and

suffer the same injury."  *Id.*  Plaintiff's discussion of the commonality requirement assumes that all

Jewish inmates of any of the three groups, would have requested and been denied Kosher meals and

offered the CRD meal, and that the CRD meal is not Kosher.  Plaintiff discusses some Kosher food

preparation requirements, concluding that meals should be factory sealed and sanctioned by the

appropriate religious authorities to conform with his beliefs.

To establish commonality, plaintiff must show that a potential class's claims "possess the same

interest and suffer the same injury" and that they have "the capacity of a classwide proceeding to

generate common *answers* apt to drive the resolution of litigation."  *Id.* at 674 (quoting Rule 23(a)(2)

and *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (emphasis in the original)).

Plaintiff does not address the fact that the claims he asserts address individual plaintiffs'

sincerely held religious beliefs and require individual plaintiffs to show that his or her beliefs were

substantially burdened by the government.  Plaintiff does not suggest that he knows whether others

seeking Kosher meals would or could allege that their sincerely held religious beliefs are substantially

burdened by the government.  As discussed above under numerosity, plaintiff provides insufficient

-17-

evidence that there are other Jewish inmates whose beliefs are being burdened by the government's

decision not to provide individually-wrapped Kosher certified meals.  The only suggestion that there

are others is plaintiff's addition of Mr. Jefferson to the caption.  Plaintiff does not discuss Mr.

Jefferson's experience and Mr. Jefferson does not provide an affidavit.  Plaintiff has not met his burden

to show commonality.

*Typicality*

Typicality requires a potential representative plaintiff to show that he or she possesses the same

interests and suffers the same injuries as proposed class members.  *Id.* at 674.  This factor also overlaps

with commonality and numerosity in the sense that plaintiff has not defined a class or met his burden

to show that others are suffering the same injury that he is.  Under typicality, plaintiff mentions for the

first time that his motion seeks to establish two representative plaintiffs—plaintiff McCoy and

Anthony Jefferson.   Plaintiff's typicality discussion repeats the same claims—that defendants' policy

implementing the CRD does not conform with his religious beliefs.  But plaintiff does not explain that

Mr. Jefferson's claims are typical to a proposed class.  To the contrary, Mr. Jefferson's complaint

admits that he never filled out the CRD meal request form.  The court did not find in Mr. Jefferson's

complaint an assertion that he is Jewish and his complaint does not contain an affidavit to that effect.

It does, notably, include a copy of Mr. McCoy's affidavit asserting his sincerely held religious belief in

Judaism.  Plaintiff's summary assertions are insufficient to meet his heavy burden to show typicality.

*Adequacy*

Rule 23(a)(4) requires class representatives "fairly and adequately protect the interests of the

class.  Courts consider whether the named plaintiffs or their counsel have fundamental conflicts of

interest with other class members and whether they will vigorously prosecute the action on behalf of

the entire class. *Id.* (citing *E. Tex. Motor Freight Sys., Inc. v. Rodriquez*, 431 U.S. 395, 403 (1997).

Plaintiff perfunctorily states he has no conflicts with the members of the class and that he has the same interests as the other class members—the interest in receiving fully Kosher, factory-sealed meals.  As discussed above, the court has found that plaintiff has made no showing that there is a class of Jewish believers who all seek factory-sealed Kosher meals due to sincerely held religious beliefs. As noted above, the other proposed representative plaintiff, Anthony Jefferson, did not allege that he is Jewish in his own pro se suit seeking Kosher meals.  Plaintiff did not provide the court with any evidence that other inmates' beliefs require factory-sealed meals, he only generally alleges that there are over 100 Jewish inmates in KDOC custody.

Additionally, pro se plaintiffs are not allowed to represent putative classes.  *Id.* at 709 (citing Rule 23(a)(4)'s requirement that class representatives must fairly and adequately protect the interests of the class).  "A litigant may bring his own claims to federal court without counsel, but not the claims of others."  *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).  For these reasons, plaintiff and Mr. Jefferson are not adequate class representatives.  Plaintiff's motion for class certification and appointment of counsel is therefore denied.

### E.       Defendant Allen's Motion for Extension of Time

Defendant Allen filed motion asking the court to stay consideration of plaintiff's motion for summary judgment against her until her motion to dismiss had been decided, or to allow her more time to respond to the motion for summary judgment.  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The court balances the interests of the parties, and requires the movant to show a "clear case of hardship or inequity . . . if there is even a fair possibility that the stay" will harm the party opposing the stay. *Id.* at 255.  Defendant suggests that responding to plaintiff's motion for summary judgment

when a potentially dispositive motion to dismiss was pending would be burdensome, especially at this stage of the case. She notes her lack of involvement or control over the decisions and conditions at issue in plaintiff's pleadings. The court finds that the balance of interests between the parties and in judicial economy warranted a stay until defendant's motion to dismiss was decided. Defendant Allen shall respond to plaintiff's motion for summary judgment within three weeks of this order's entry.

**IT IS THEREFORE ORDERED** that defendants Aramark Correctional Services, Paul Church, Julie Dockendorff, and Rabbi M. Fellig's Motion to Dismiss (Doc. 57) is granted as to Rabbi M. Fellig. It is granted on any individual capacity RLUIPA claims. It is denied in all other respects.

**IT IS FURTHER ORDERED** that defendant Patricia Berry's Motion to Dismiss (Doc. 59) is granted regarding defendant's § 1983 claim against her in her official capacity and for any retroactive relief. It is denied regarding any individual capacity claim against her for money damages or prospective relief under § 1983. It is granted regarding plaintiff's RLUIPA claims.

**IT IS FURTHER ORDERED** that defendant Cheryl Allen's Motion to Dismiss (Doc. 70) is denied regarding any individual capacity RLUIPA claim and denied in all other respects.

**IT IS FURTHER ORDERED** that defendant Allen's Motion for Extension of Time (Doc. 76) is granted. Defendant Allen shall respond to plaintiff's Motion for Summary Judgment within three weeks of this order's entry.

**IT IS FURTHER ORDERED** that plaintiff's Motion Requesting Class Certification is denied and Motion to Appoint Counsel (Doc. 80) is denied without prejudice.

Dated March 16, 2018, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**