# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DERON MCCOY, JR.,** | |
| **Plaintiff,** | |
| v. | Case No. 16-3027 |
| **ARAMARK CORRECTIONAL SERVICES, et al.,** | |
| **Defendants.** | |

## MEMORANDUM & ORDER

This matter comes before the court upon defendant Patricia Berry's Motion for Judgment on the Pleadings (Doc. 99); and defendant Cheryl Allen's Motion for Judgment on the Pleadings, Motion to Stay Deadlines, and Motion to Stay Discovery (Doc. 103).

**I. Background**

As more fully set out in the court's Memorandum and Order ruling on various defendants' motions to dismiss (Doc. 90), plaintiff filed this case seeking relief from the violation of his First Amendment Right to practice his religion under 42 U.S.C. § 1983 and pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5. Plaintiff's complaints relate to the meals that he was served at Lansing Correctional Facility ("Lansing") and is being served at El Dorado Correctional Facility ("El Dorado").[1] Plaintiff's Third Amended Complaint describes several instances where plaintiff or another inmate witnessed food preparation or storage that does not conform with plaintiff's affirmed beliefs as an Orthodox Jew. Plaintiff argues that his beliefs require that he eat fully sealed and Kosher certified TV-style dinners.

Plaintiff sets out the following facts in his third amended complaint:

---

[1] The court used public records to confirm that plaintiff is currently housed at the maximum security facility at El Dorado, Kansas.

-1-

- On March 13, 2014, plaintiff spoke with the Chaplain at Lansing and asked to be placed on the Kosher Modified Diet in accordance with his beliefs.
- The Chaplain told plaintiff that Aramark only provides Certified Religious Diet ("CRD") meals and that he "was not even allowed to say that the (CRD) was Kosher." (Doc. 56, at 18.)
- On March 25, 2014, plaintiff wrote a formal grievance that was denied. Plaintiff appealed that decision and the warden at Lansing denied the appeal. Plaintiff appealed that decision and it was denied by the secretary of corrections.
- Plaintiff notes that "[t]he grievance at all levels concerned the CRD meal and meal components not being Kosher, the trays not being one-use trays, and the pots, pans and serving utensils not being stored and cleaned properly in order to be Kosher and thus usable for serving." (*Id.* at 15.)
- Plaintiff attached an affidavit to his Third Amended Complaint stating that the situation at El Dorado is the same as it was at Lansing—the same CRD meals are served under the same conditions.

Plaintiff never requested a religious diet at El Dorado and is not currently on a religious diet at El Dorado. (Doc. 98-6.)

## II. Legal Standards

### a. Pro Se Litigants

Where a plaintiff proceeds pro se, the court construes his filings liberally and holds them to less stringent standards than pleadings filed by lawyers. *Barnett v. Corr. Corp of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011). Pro se plaintiffs are nevertheless required to follow the Federal and Local Rules

of practice and the court does not assume the role of advocating for plaintiff. *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014).

### b. Motions for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." The pleadings are closed in this case. The governing pleadings are plaintiff's Third Amended Complaint (Doc. 56); defendant Berry's Amended Answer (Doc. 98) that includes eight attachments; and defendant Allen's Answer to Amended Complaint (Doc. 91). "If documents are attached to the pleadings as exhibits and are central to the complaint, they may be considered in deciding a Rule 12(c) motion." The court has not held a scheduling conference and there has been no discovery to the court's knowledge. These motions, therefore, do not excessively delay trial.

Courts apply the same standard for Rule 12(c) motions as they do for motions to dismiss under Rule 12(b)(6). The court will grant a motion for judgment on the pleadings only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.* "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

The court "accept[s] all facts pleaded by the non-moving party as true and grant[s] all reasonable inferences from the pleadings in favor of the same." *Adams v. Jones*, 577 F. App'x 778,

782 (10th Cir. 2014) (quoting *Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013)). "A motion for judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.*

**III. Discussion**

Defendant Allen incorporated by reference the arguments and authorities of defendant Berry's briefing on this matter. Defendants make three separate arguments for judgment to be entered in their favor: (1) the court lacks jurisdiction because plaintiff was transferred from Lansing to El Dorado rendering his claims moot; (2) plaintiff failed to exhaust his administrative remedies; and (3) defendants are entitled to qualified immunity.

**A. Plaintiff's Claims Are Not Moot**

Federal courts have jurisdiction to adjudicate cases and controversies. U.S. Const. art. III, cl. 1. "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). "In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world. When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Id.* (quoting *Kan. Jud. Review v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009).

Defendants argue that plaintiff's claims regarding the Kansas Department of Corrections ("KDOC") religious diet policies are moot because each facility maintains its own religious programs, and plaintiff never requested to be placed on a kosher diet after his transfer to El Dorado.

Defendants argue that plaintiff's claims are now moot due to his inter-facility transfers. Plaintiff's recent transfers and the timing of pleadings in this case are as follows:

- January 27, 2016 – Case filed while plaintiff was incarcerated at Lansing
- June 16, 2016 – transfer to El Dorado
- March 22, 2017 – transfer to Hutchinson Correctional Facility ("Hutchinson")
- June 14, 2017 – Third Amended Complaint filed
- January 29, 2018 – transfer to El Dorado

Plaintiff responds that despite his transfers, this case is an active case or controversy because the CRD menu was developed by KDOC in conjunction with defendant Aramark to supply meals at every Kansas facility. Plaintiff argues that the policy or procedure of providing the CRD to inmates violates his right to receive unopened, pre-packaged, TV-style, Kosher-certified meals. In other words, from plaintiff's perspective, applying for the CRD would be futile, because it still would not provide him with a diet that meets the requirements of his religious beliefs.

Prisoner transfers often raise the issue of mootness. And a court "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *Bradbury v. Davis*, 310 F.2d 73 (10th Cir. 1969)); s*ee also Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011). "However, where a prisoner brings a lawsuit challenging policies that apply in a generally uniform fashion throughout a prison system, courts have been disinclined to conclude that the prisoner's declaratory or injunctive claims are moot, even after he has been transferred to another prison in that system." *Jordan*, at 1028.

Plaintiff argues that his policy or procedure claims are as relevant at El Dorado as they were at Lansing. If his request that Kosher meals be served and prepared in conformity with his religious beliefs is found to be valid, defendants may have policymaking authority that could bring about such a change. While plaintiff is incarcerated in KDOC custody, subject to its policies and procedures, a

finding in plaintiff's favor could require KDOC officials to modify KDOC policies. *See Abdulhaseeb*, 600 F.3d at 1312.

The next issue, is whether plaintiff has "sued defendants who are actually situated to effectuate any prospective relief that this court might afford him." *Id.* at 1030. Prospective relief would likely come in the form of policy changes in this case, because KDOC is not a party. Any changes would have to be instituted by defendants. The two KDOC employees plaintiff sued are defendants Berry and Allen. Defendant Allen is the KDOC dietician. Plaintiff claims that she is responsible for KDOC menus. Defendant Berry is the state contract monitor. She "reviews and signs each approved menu, enforces contract requirements, prepares and processes contract amendments, and conducts food service operation inspections." (Doc. 44, at 4.) The remaining defendants are Aramark Correctional Services; the private company who contracts with KDOC to provide food services; Julie Dockendorff, Aramark's Dietician; and Paul Church, an Aramark supervisor or manager who is stationed in Kansas. Plaintiff has sued defendants who could potentially effectuate prospective relief, should it be afforded him by the court.

Accepting the facts pleaded in plaintiff's Third Amended Complaint as true, and drawing all reasonable inferences therefrom, the court finds that defendants, as the moving parties, have failed to show that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. As in *Abdulhaseeb*, plaintiff's policy and procedure claims remain valid despite his transfer, because he is still subject to the policy or procedure that provides the CRD. 600 F.3d at 1312. Even though plaintiff did not request Kosher meals at his current facility, and was therefore not denied Kosher meals, his constitutional rights may still have been violated. Plaintiff argues that the CRD does not provide for kosher meals, so requesting them would be futile. He challenges the policy itself—not the denial of his right to obtain Kosher meals.

Although defendants cite to some evidence that might undermine plaintiff's claim that he is an Orthodox Jew, plaintiff has also sworn that he is one. Plaintiff has sufficiently pleaded that element of his claims. Defendants have not shown that plaintiff's claims are moot as a matter of law.

### B. Plaintiff Did Not Fail To Exhaust Administrative Remedies

Defendants argue that plaintiff has not exhausted administrative remedies because he never requested a modified religious diet at El Dorado or Hutchinson, or went through the grievance process at either of those facilities.

Plaintiff argues that he has exhausted administrative procedures through the grievance process at Lansing. He says that the policy that governs the CRD is the same at every KDOC facility and that it therefore does not make sense for him to have to repeat requesting Kosher meals at each facility he is transferred to, go through the grievance process, and then file a new law suit.

The Prison Reform Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(a), prohibits prisoners from bringing a suit regarding prison conditions until administrative remedies are exhausted. Substantial or partial compliance with grievance procedures is not sufficient for exhaustion. *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). Plaintiff needed to comply with KDOC grievance procedures in order to bring this suit.

Plaintiff's Third Amended Complaint states that plaintiff asked to be placed on Kosher meals. He does not explain whether he was granted the right to receive Kosher meals, but he says he did file a grievance and pursue that grievance through the appeals process. While that grievance related to conditions at Lansing, plaintiff specified that the grievance related to the CRD meal and its perceived shortcomings in general. He argues that regardless of whether he receives the CRD, it is not Kosher. For the reasons explained above, defendants have not shown that plaintiff failed to exhaust administrative remedies.

### C. Defendants Are Not Entitled To Qualified Immunity

Defendants argue that they are entitled to qualified immunity. After the court's March 16, 2018 Memorandum and Order, only personal capacity claims and claims for prospective relief remain against defendant Berry. "Government defendants sued under § 1983 in their individual capacities have qualified immunity: government officials are not subject to damages liability for the performance of their discretionary functions when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993)). It protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Once the defense of qualified immunity is raised, plaintiff "must allege sufficient facts that show—when taken as true—the defendant plausibly violated [his] constitutional rights, which were clearly established at the time of violation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir, 2012). The court exercises its discretion based on the facts of each case in deciding which prong to first address. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

"In the Tenth Circuit, an inmate's First Amendment right to a diet conforming to his sincerely held religious beliefs has been clearly established since at least 2002. . . ." *Wiggins v. Hoisington*, No. 11-967 KG/KK, 2015 WL 13665442, at *1, *9 (D. N.M. 2015) (citing *Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002)). Defendants argue that the court should define plaintiff's right more specifically—whether plaintiff's First Amendment right to a diet conforming to his sincerely held religious beliefs, receiving kosher-certified sealed TV-style dinners—was clearly established. The court declines to do so. Plaintiff's claims include detailed descriptions of the preparation, storage,

processing, and serving of CRD meals. Plaintiff's claims are not limited to requesting factory sealed, kosher-labeled, sealed dinners. That is the remedy he is requesting. The law was clearly established.

What remains then, is whether plaintiff has plausibly pleaded that his constitutional rights were violated by defendants. Plaintiff's complaint alleges that he is a sincere Orthodox Jewish believer and that he wishes to follow all Kosher food preparation requirements. Plaintiff claims that the policy or procedure establishing the CRD and its implementation in KDOC facilities violates his First Amendment right because it does not conform with his sincerely-held Jewish beliefs. Plaintiff outlines various problems with the way meals are prepared in KDOC facilities, specifically Lansing, and the foods that are served. He claims that the food and its preparation has been the same at each facility where he has been incarcerated, specifically his current location—El Dorado. For relief, plaintiff requests that he be served factory sealed, unopened, kosher-certified, TV-style dinners.

Defendants argue that the menus attached to their answer show that the CRD meals offer Kosher food; that a religious authority signed off on the menus; and that when the Secretary of KDOC reviewed plaintiff's grievance, the secretary explained that the CRD had been approved by a religious advisor as indicated by the Rabbi's signature on the menu. However, to prove this argument, defendants cite to the *Martinez* report (Doc. 41) and supporting documents, which cannot be considered by the court on a motion for judgment on the pleadings without converting the motion to one for summary judgment. If defendants wanted the court to consider the *Martinez* report, they needed to file a motion for summary judgment. Ultimately, there are various factual issues in this case that must be discovered and argued before the case can be decided—for example: the sincerity of plaintiff's religious beliefs; KDOC's policies and their implementation; and appropriate remedies if they are warranted.

Although qualified immunity plays an important role in protecting officials from meritless suits, the court also has in interest in addressing cases on their merits. As the court found in its Memorandum and Order denying defendants' motion to dismiss, defendant has sufficiently pleaded his case. The court accepts the allegations in plaintiff's Third Amended Complaint as true, and on its face he has plausibly alleged that his constitutional rights are being violated. For example, he describes circumstances where the CRD meals and general population meals are prepared and cleaned up in the same areas, and using the same tools, which are then kept in the same place. Defendants have not shown that they are entitled to judgment as a matter of law. Their Motions for Judgment on the Pleadings are therefore denied.

**IT IS THEREFORE ORDERED** that defendant Allen's Motion for Judgment on the Pleadings, Motion to Stay Deadlines, and Motion to Stay Discovery (Doc. 103) is granted. She must respond to plaintiff's motion for summary judgment by August 31, 2018. No further extensions will be granted on this response.

**IT IS FURTHER ORDERED** that defendant Berry's Motion for Judgment on the Pleadings (Doc. 99) is denied.

Dated August 17, 2018, at Kansas City, Kansas.

    s/ Carlos Murguia
    **CARLOS MURGUIA**
    **United States District Judge**