**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DERON MCCOY, JR.,

    Plaintiff,

    v.

ARAMARK CORRECTIONAL SERVICES, et al.,

    Defendants.

Case No. 16-3027

## MEMORANDUM & ORDER

This matter comes before the court upon plaintiff DeRon McCoy, Jr.'s Motion For Summary Judgment Against Defendant Cheryl Allen (Doc. 72). Under Fed. R. Civ. P. 56, plaintiff moves for summary judgment because he claims he has proven as a matter of law that defendant Allen violated his constitutional rights and no issues of material fact remain. For the reasons explained below, plaintiff's motion is denied.

**I.    Background**

Plaintiff's Third Amended Complaint, filed June 14, 2017, claims that plaintiff's First Amendment right to practice his religion was violated when he sought and was refused kosher meals that would comply with his sincerely held Orthodox Jewish religious beliefs. Plaintiff brought claims under 42 U.S.C. § 1983 and pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5 against various defendants, including defendant Allen. Defendant Allen is employed by the Kansas Department of Corrections ("KDOC") as a dietician.

**II.    Legal Standards**

    **a.  Pro Se Litigants**

Where a plaintiff proceeds pro se, the court construes his filings liberally and holds them to less stringent standards than pleadings filed by lawyers. *Barnett v. Corr. Corp of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011). Pro se plaintiffs are nevertheless required to follow the Federal and Local Rules of practice and the court does not assume the role of advocating for plaintiff. *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014).

### b. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The party moving for summary judgment has the burden to show "the lack of a genuine issue of material fact." *Ascend Media Prof'l Servs., LLC v. Eaton Hall Corp.*, 531 F. Supp. 2d 1288, 1295 (D. Kan. 2008) (citing *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986))). Once the moving party meets this initial burden, the burden then shifts to the nonmovant to "set forth specific facts showing that there is a genuine issue for trial." *Id.* (citing *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986))).

The nonmovant may not rest on his pleadings or "rely on ignorance of the facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 259 (1986)); *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988). Instead, the nonmovant is required to set forth specific facts, by referencing affidavits, deposition transcripts, or exhibits, from which a rational trier of fact could find

for him. Fed R. Civ. P. 56(c)(1); *see also Ascend Media*, 531 F. Supp. 2d at 1295 (citing *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000)). Summary judgment is not a "disfavored procedural shortcut"—it is an "integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp.*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### III. Discussion

Plaintiff's argument that he is entitled to summary judgment centers largely on his belief that the *Martinez* report proves that defendant Allen worked with other named defendants to develop and implement the Certified Religious Diet ("CRD") menu in various KDOC facilities, and that the CRD menu as implemented, violates his First Amendment right to practice his Orthodox Jewish beliefs. Plaintiff wants to receive TV-dinner style prepackaged meals, instead of the CRD meals.

Plaintiff's reliance on the *Martinez* report is based more specifically on the KDOC Internal Management Policy and Procedure ("IMAP") 10-106 titled "Standardized Menu, Ensuring Nutritional Adequacy of Diets, and Meal Service Schedules" (Doc. 41-4, at 1–8) and IMAP 10-119 titled "Medical and Religious Diets and Vegetarian Alternative Diet" (Doc. 41-5, at 1–9). These documents explain the procedures that are followed to establish and implement meals in KDOC facilities. Because the documents refer to KDOC's dietician and that position's responsibilities, plaintiff argues that defendant Allen, who is or was a KDOC dietitian when he filed this case, is responsible for the alleged violation of his rights.

But at the summary judgment stage, unlike at the motion to dismiss or motion for judgment on the pleadings stage of the case, plaintiff bears the burden of arguing and proving his case. There are various issues of fact and law that remain. For example, to prevail on both his RLUIPA and § 1983 claims, plaintiff must prove the sincerity of his alleged religious beliefs. In the various motions already

decided by the court in this case, defendants have presented evidence that brings the sincerity of defendant's religious beliefs into question. Plaintiff has changed his religious preferences multiple times in recent years. Defendants have also presented evidence that plaintiff purchases non-Kosher items from the commissary.

Likewise, the *Martinez* report raises an issue of material fact as to whether plaintiff's rights were ever violated. The KDOC policies plaintiff relies on show that a Rabbi signed off on the CRD menu, certifying that it is Kosher. Although the Rabbi was not responsible for ensuring that Kosher requirements were in fact implemented, the *Martinez* report provides evidence that they were.

The procedures outlined in the *Martinez* report require KDOC facilities to comply with all Kosher meal preparation requirements. For example, separate trays are to be used, food and supplies are to be stored and prepared in separate areas from non-Kosher meals, and no meat is to be served. The report likewise reports that these procedures are in fact implemented at Lansing Correctional Facility—the facility where plaintiff was housed when the report was drafted. The *Martinez* report outlines several unannounced site visits, during which defendant Patricia Berry, KDOC's food service contract manager, investigated whether food was being stored and prepared in compliance with KDOC policies.

As defendant Allen argues, plaintiff's statement of uncontroverted facts is largely supported only by his own affidavits or allegations. This case has not proceeded to discovery, but the evidence that is available—largely the *Martinez* report—raises issues of material fact about plaintiff's allegations. Defendant Allen states that "[t]he only role [she] used to have regarding the Kansas correctional facilities was to review meal menus and determine that they had appropriate nutritional and caloric content, consistent with her professional training and her contract with the Department." If this statement is true, then defendant Allen had nothing to do with whether plaintiff received Kosher meals. She was responsible only for determining whether the menus provided to her provided adequate nutrition to

-4-

inmates. The court agrees that an issue of material fact remains about whether defendant Allen was involved at all in any potential violation of plaintiff's constitutional rights, or any substantial government-induced burden on his free exercise of religion.

While plaintiff's allegations were sufficient to survive a motion to dismiss and a motion for judgment on the pleadings, he has not shown that he is entitled judgment as a matter of law against defendant Allen. Because various material issues of fact and law remain, plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Summary Judgment Against Defendant Allen (Doc. 72) is denied.

Dated September 19, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**