UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

DeRon McCoy,

                Plaintiff

                              Case No. 5:16-cv-03027-CM-KGG

Aramark Correctional Services, et al.,

                Defendants

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT ALLEN'S MOTION FOR SUMMARY JUDGMENT**

Comes now defendant Cheryl Allen, and in support of her motion for summary judgment in favor of defendant Allen filed herein submits the following statement of facts, arguments and authorities.

**Statement of Material Facts**

1. Defendant all is not an employee of the Kansas Department of Corrections (Department), and never has been. Allen was under contract with the Department as a consulting dietician. (Allen affidavit, para. 1; said affidavit being filed simultaneously herewith in incorporated herewith in its entirety.)

2. Allen never had any interaction with plaintiff, never received any grievance from him or anyone related to his allegations in this matter, and never had anything to do with how meals were packaged, prepared, served, consumed

or other operational issues, nor any role in determining who, how or what constituted any particular religious meal or related practice.  (Allen affidavit, para. 1.)

3. Allen had a modest contract with Department to provide professional nutritional input as a dietician.  As of July 2018 Allen has no relationship with the Department nor any ability to affect any policy, practice or procedure of the Department.  (Allen affidavit, para. 1.)

4. Allen's duties as contract dietician, which role Allen had with the Department from March 2002 through June 2018, involved reviewing and approving the menus used in the Kansas Department of Corrections facilities. Allen's responsibility regarding meals was exclusively related to nutritional and caloric content of the meals, consistent with her professional training and experience, and pursuant to her contract with the Department. (Allen affidavit, para. 2.)

5. The Department has contracted with Aramark Correctional Services, Inc. for the actual provision of food service for the Department's correctional facilities since 1997. (Allen affidavit, para. 3.)

6. Allen was not responsible for conducting inspections of the food service or operational protocols of any correctional facility.  (Allen affidavit, para. 4.)

7. Allen was not responsible for guaranteeing that the authorized menus were being used or that the kitchens had appropriate kosher food preparation practices.  (Allen affidavit, para. 5.)

**Arguments and Authorities**

In plaintiff's Third Amended Complaint, filed June 14, 2017, plaintiff alleges that his First Amendment right to practice his religion was violated when he sought and was refused kosher meals in compliance with his sincerely held Orthodox Jewish religious beliefs. Plaintiff alleged claims under 42 U.S.C. § 1983 and pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5 against various defendants, including defendant Allen. Aside from other factual inadequacies, on the substantive matters involving defendant Allen, plaintiff has mistakenly presumed her role or involvement in matters that simply were not so, as detailed in the factual statements above.

Summary judgment is appropriate when the moving party demonstrates there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Div. P. 56(a). "In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986))." *Digital Ally, Inc. v. Util. Assocs.*, 2017 U.S. Dist. LEXIS 49893, 2017 WL 1197561.

"A fact is 'material' if, under the applicable substantive law, it is 'essential to the proper disposition of the claim.'" *United States ex rel. Coffman v. City of Leavenworth*, 303 F. Supp. 3d 1101 (D. Kan. 2018); *Wright ex rel. Trust Co. of Kan. V. Abbott Labs., Inc.*, 259 S.3d 1226, 1232-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.,* 144 F.3 664, 670 (10th Cir. 1991)). Summary judgment is inappropriate if disputes remain as

to material facts.  *James Barlow Family Ltd. P'ship v. David M. Munson, Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997) (citation omitted).

Regarding plaintiff's allegations of 42 U.S.C. § 1983 violations, as noted in this Court's "Memorandum and Order" filed herein on 3.16.18 (Doc. 90):

> To state a claim under § 1983 plaintiff must show (1) the existence of a federally-protected right, and (2) that a person acting under color of state law deprived him of that right.  *Wittner v. Banner Health*, 720 F.3d 770, 773 (10th Cir. 2013). …
>
> "Individual liability under § 1983 **must be based on personal involvement** in the alleged constitutional violation." [*Gallagher v. Shelton*, 587 F.3d 1063 (10th Cir. 2009)] at 1069 (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)).  Liability under § 1983 cannot be based on supervisory status alone, there must be "an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise. Id. (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997)).
>
> To state a claim that defendants violated his right to free exercise of religion, plaintiff **must adequately allege that each defendant "substantially burdened [his] sincerely-held religious beliefs."** Id. (quoting *Kay v. Bermis*, 500 F.3d 1214, 1218 (10th Cir. 2007)).  Plaintiff must show that defendants' actions constituted conscious or intentional interference with his free exercise rights; isolated acts of negligence are insufficient to violate a prisoner's constitutional rights.  *Gallagher*, 587 F.3d at 1070." (Doc. 90, p. 7, emphasis added.)

Similarly, regarding plaintiff's allegations regarding violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5, as noted in this Court's 3.16.18 order:

> To survive a motion to dismiss, plaintiff must sufficiently allege "(1) a religious exercise (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government." *Williams v. Wilkinson*, 645 F. App'x 692, 699 (10th Cir. 2016).  To survive defendants' motions to dismiss, plaintiff needed only to allege "that his request to eat a Kosher diet was motivated by a sincerely held religious belief and that his exercise of that belief has been substantially burdened

by the government." Id. (citing *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312 (10th Cir. 2010)). (Doc. 90, pp. 12-13.)

Those are the matters at issue in this case, and it is about those issues that facts are to be measured as to materiality. In previous filings by plaintiff in this action, there are allegations regarding other defendants, and details about plaintiff's own actions, but there are no factual statements that even facially support any allegation that defendant Allen had any personal involvement in any action or inaction that substantially burdened plaintiff's religious belief. Nor could there accurately be, as demonstrated by defendant Allen's statement of facts above and affidavit filed herewith.

Plaintiff has previously presented some broad, bald statements about defendant Allen jointly participating with other defendants in some activities that are alleged to have led to potential burden on plaintiff's religious beliefs. However, broad and bald allegations, with no evidentiary support, are not an appropriate basis for relief. As held in *Azim v. Tortoise Capital Advisors, LLC*, 2016 U.S. Dist. LEXIS 80804:

> In its Order granting defendants' summary judgment motion, the Court recognized its duty to construe plaintiff's filing liberally because he was acting pro se. Doc. 144 at 3. But, under the Tenth Circuit's pro se standard, the Court cannot serve as a pro se litigant's advocate, and it **cannot accept as true conclusory allegations unsupported by evidence in the record**. Id. (citing *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013)). The Court also noted that a plaintiff's pro se status does not excuse him from complying with federal and local rules. Id. (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *Elrod v. Walker*, No. 06-3115-SAC, 2011 U.S. Dist. LEXIS 146114, 2011 WL 6372881, at *6 n.3 (D. Kan. Dec. 20, 2011)). (Emphasis added.)

Plaintiff has not adequately alleged, let alone demonstrated with evidence, that defendant Allen took any action that constituted conscious or intentional interference with plaintiff's religious exercise rights or otherwise constituted any violation of any of

plaintiff's rights.  As detailed above, in fact defendant Allen had no personal involvement in any of the operational, procedural and other matters alleged by plaintiff to have burdened his religious beliefs and therefore had no role in any alleged violation of his rights.  The only role defendant Allen used to have regarding the Kansas correctional facilities was to review meal menus and determine that they had appropriate nutritional and caloric content, consistent with her professional training and her contract with the Department. Those are the material facts of this matter, and defendant Allen is entitled to summary judgment in her favor herein.

WHEREFORE, defendant Allen prays the Court enter an order granting her summary judgment on all claims made by plaintiff against her, including alleged violations of 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5.

Respectfully submitted,

  /s/ Elizabeth M. Phelps
Elizabeth M. Phelps, S.Ct. #12285
3700 SW Churchill Road
Topeka, Kansas  66604
(785) 213-3008
Email:  lilybell@cox.net
*Attorney for Defendant Allen*

**Certificate of Service**

I hereby certify that on this 12th day of November, 2018, I electronically filed this "MEMORANDUM IN SUPPORT OF DEFENDANT ALLEN'S MOTION FOR SUMMARY JUDGMENT", and also separately filed the supporting Affidavit of Cheryl Allen, using the CM/ECF system, which sent notice of electronic filing to all counsel of record, and that same day a copy was served via first class U.S. Mail, postage prepaid, to the following:

DeRon McCoy, Jr. #76894
El Dorado Correctional Facility
P.O. Box 311
El Dorado, Kansas  67042
*Pro Se Plaintiff*

                                  */s/ Elizabeth M. Phelps*
                                  Elizabeth M. Phelps, S.Ct. #12285
                                  *Attorney for Defendant Allen*