IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DERON MCCOY, JR.,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**ARAMARK CORRECTIONAL** )<br>**SERVICES, et al,** )<br>)<br>    **Defendants.** )<br>_____ ) | Case No. 16-3027-CM-KGG |

**DEFENDANT BERRY'S MOTION TO STAY DISCOVERY
WITH MEMORANDUM IN SUPPORT INCORPORATED**

Defendant Patricia Berry, by and through Assistant Attorneys General Natasha M. Carter and M.J. Willoughby, hereby requests an order staying all discovery in this case and other related Rule 26 proceedings, including the obligation to prepare the Report of the Parties' Planning Meeting, attend a scheduling conference, or issue or respond to any discovery until the District Court rules on Defendant Berry's Motion for Summary Judgment (Doc. 132). In support of the Motion for Stay, Defendant Berry states as follows:

*Nature of the Matter Before the Court*

In this action, Plaintiff Deron McCoy, Jr., proceeding *pro se* and presently incarcerated at El Dorado Correctional Facility, alleges that Patricia Berry, contract manager for the Kansas Department of Corrections, along with other defendants, violated his right to exercise his religious beliefs under the First Amendment by implementing a certified religious meal ("CRD") menu he alleges does not comply with his understanding of Jewish dietary laws regarding

1

source, storage, preparation, and service of Kosher food. On October 15, 2018, the District Court denied without prejudice Plaintiff's Motion for Scheduling Order (Doc. 122), a Motion which Defendant Berry opposed, finding that "the progress of this case will be most efficiently served by allowing defendant Berry the remainder of the time she requests to file her motion for summary judgment." (Doc. 126). On November 13, 2018, Defendant Berry timely filed her motion for summary judgment on all of Plaintiff's claims. (Doc. 132-33).

### *Question Presented*

Should discovery and related Rule 26 proceedings be stayed pending the resolution of Defendant Berry's motion to dismiss which raises the defense of qualified immunity, the denial of which is immediately appealable to the Tenth Circuit?

### *Argument and Authorities*

Defendant Berry's Motion for Summary Judgment and accompanying Memorandum (Docs. 132-33), raises the defense of qualified immunity, along with other issues upon which Defendant Berry believes she is entitled to summary judgment. Defendant Berry respectfully suggests that a stay of discovery and related proceedings is mandated by her qualified immunity argument.

Immunity defenses bar discovery until they are resolved. The United States Supreme Court has stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009), that a plaintiff "is not entitled to discovery, cabined or otherwise," against government officials raising immunity defenses. *Iqbal* is very clear that under these circumstances, it is not appropriate to impose what some might regard as minimal burdens of litigation or even limited discovery. Immunity is immunity from liability as well as the burdens of litigation, including discovery. 556 U.S. at 672 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). In *Iqbal*, the Supreme Court went further to indicate that

government officials should be shielded even from "participating in litigation and making decisions as to how it should proceed. Litigation … exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government." 556 U.S. at 685. *See Behrens v. Pelletier,* 516 U.S. 229, 308 (1996) (the immunity defense gives government officials "a right" "to avoid the burdens of such pretrial matters as discovery …"); *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993); *Siegert v. Gilley,* 500 U.S. 226, 236 (1991) (Kennedy J., concurring in the judgment); *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985); *Harlow v. Fitzgerald,* 457 U.S. 800, 817-18 (1982). An order denying qualified immunity will be immediately appealable to the Tenth Circuit under the collateral order doctrine, another reason why the stay is appropriate. *Puerto Rico Acqueduct and Sewer Auth.*, 506 U.S. at 145.

For the reasons stated herein, Defendant Patricia Berry respectfully requests that this Court enter an Order staying discovery and other Rule 26 activities, including but not limited to service of discovery requests and responses, scheduling conference, report of planning meeting, etc., pending the District Court's opportunity to rule on Defendant's Motion for Summary Judgment (Doc. 132) and the expiration of the time for appeal should that Motion be denied.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

s/ Natasha M. Carter
Natasha M. Carter, KS No. 26074
MJ Willoughby, KS No. 14059
Assistant Attorney General
Memorial Building, 2nd Floor
120 SW 10th Avenue,
Topeka, Kansas, 66612-1597
Phone: (785) 296-6244
Fax: (785) 291-3767

3

Email: natasha.carter@ag.ks.gov
mj.willoughby@ag.ks.gov
*Attorneys for Defendant Patricia Berry*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2018, the above and foregoing was filed with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to the following:

Jeff Cowger, Kansas Department of Corrections
714 SW Jackson, Suite 300
Topeka, KS 66603
Jeff.Cowger@ks.gov
*Attorney for Kansas Department of Corrections, Interested Party*

Sherri L. Price, Lansing Correctional Facility
301 E. Kansas Avenue
PO Box 2
Lansing, KS 66043
Sherri.Price@doc.ks.gov
*Attorney for Kansas Department of Corrections*

Leigh Ann Massey, KS No. 25959, Catherine A. Stevens, Fed. KS #78565
Baker, Sterchi, Cowden & Rice, LLC
9393 West 110th Street, Suite 500
Overland Park, KS 66210
lmassey@bscr-law.com
cstevens@bscr-law.com
*Attorneys for Defendants Aramark Correctional Services, LLC,*
*Julie Dockendorff, and Rabbi M. Fellig*

Elizabeth M. Phelps, S.Ct. #12285
3700 SW Churchhill Road
Topeka, Kansas 66604
lilybell@cox.net
*Attorney for Defendant Allen*

I also certify that a copy of the above was served via first-class mail, postage prepaid to:

Deron McCoy, Jr., #76894, El Dorado Correctional Facility
PO Box 311, El Dorado, KS  67042
*Pro se Plaintiff*

s/ Natasha M. Carter
Natasha M. Carter

4