# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DERON MCCOY, JR.,                )
                                 )
            Plaintiff,           )
                                 )
    vs.                          )   Case No. 16-3027-CM-KGG
                                 )
ARAMARK CORRECTIONAL             )
SERVICES, *et al.*,              )
                                 )
            Defendant.           )
                                 )

## MEMORANDUM & ORDER ON
## MOTION TO APPOINT COUNSEL

Plaintiff Deron McCoy, Jr. is currently incarcerated at El Dorado Correction Facility in El Dorado, Kansas. He contends he was not provided modified Kosher diet meals in accordance with his religious beliefs. (Doc. 56.) Plaintiff claims this has denied him the right to practice his religion under the First Amendment pursuant to 42 U.S.C. § 1983. He contends that the First Amendment guarantees his right to have his meals conform with Jewish dietary laws. Plaintiff further contends Defendants' failure to implement a policy or practice to purchase and serve Kosher meals to him as required by his religion violates the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc–

1

2000cc-5. Plaintiff's claims have largely survived various dispositive motions filed by Defendants. (Docs. 43, 45, 49, 57, 59, 70, 90.) Motions for Summary Judgment filed by three Defendants are currently pending before the District Court. (Doc. 127, 132, 144.)

Plaintiff previously filed a Motion to Appoint Counsel. (Doc. 80.) That motion was denied, without prejudice, by the District Court. (Doc. 90.) The District Court held that Plaintiff made an insufficient showing of his need for counsel, stating only that the Court "should 'certify a class and appoint counsel for the class.'" (*Id*., at 14.) That stated, the District Court found, on a substantive level, that Plaintiff had shown he

> can litigate these claims and understand the issues. He has undertaken his own factual investigation and presents his claims comprehensibly. The issues in the case are not scientific or technically difficult to understand. Plaintiff seems to have a firm grasp of the facts and the law at issue.

(*Id*., at 15.)

Plaintiff has filed an additional motion requesting the appointment of counsel. (Doc. 148.) In this present motion, Plaintiff argues that the currently pending dispositive motions require him "to interpret law and has a heightened standard in certain circumstances." (*Id*., at 2.) Plaintiff continues that "[a]lthough [he] is familiar with legal filings and several pleading requirements he does not have a law degree and is thus considered a layman of the law." (*Id*., at 3.)

The Court notes, and Plaintiff acknowledges, that there is no constitutional right to have counsel appointed in civil cases such as this one. ***Beaudry v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). ***Commodity Futures Trading Comm'n v. Brockbank***, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." ***Lyons v. Kyner***, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner***, 979 F.2d at 1421.

Given Plaintiff's incarceration status, the Court finds that his financial situation would make it impossible for him to afford counsel. The second factor is Plaintiff's diligence in searching for counsel. Based on the information contained in Plaintiff's motion, despite being incarcerated, Plaintiff has made sufficient effort, but has been unsuccessful, in attempting to secure legal representation. (Doc. 148, at 3.) As for the next factor, the merits of Plaintiff's case, the Court acknowledges that Plaintiff's claims have survived prior dispositive motions in this case.[1] The Court's analysis thus turns to the final factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex"). The District Court has already made this determination regarding

---

[1] This determination relates only to the pending request for counsel. This Court is stating no opinion and is reaching no conclusions regarding the viability of Plaintiff's claims in the context of the dispositive motions currently pending before the District Court.

the case at bar. (Doc. 90, at 15.) Further, the Court agrees with the opinion of the District Court that Plaintiff has shown the ability to litigate these claims and understand the underlying factual and legal issues. (*Id.*)

As such, the Court sees no basis to distinguish Plaintiff from the many other untrained and/or incarcerated individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel. As such, the Motion to Appoint Counsel (Doc. 148) is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 7th day of January, 2019.

                                      S/ KENNETH G. GALE
                                      KENNETH G. GALE
                                      United States Magistrate Judge