**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DERON MCCOY, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 16-03027-CM-KGG** |
| **ARAMARK CORRECTIONAL** ) | |
| **SERVICES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motions for summary judgment and for leave to

resubmit filing (Docs. 144; 156), and defendants' motions to strike or alternatively for leave to respond

(Docs. 147; 153).

## I.     BACKGROUND

Plaintiff is an inmate incarcerated at El Dorado Correctional Facility.  Defendants are a contract

manager for the Kansas Department of Corrections and a dietician formerly under contract with the

Department.  Defendant Allen moved for summary judgment on November 12, 2018.  (Doc. 127.)

Defendant Berry moved for summary judgment on November 13, 2018.  (Doc. 132.)  Plaintiff

submitted his response to defendant Allen's motion to prison staff on December 6, 2018, electronically

filed on December 7, 2018.  (Doc. 146.)  Plaintiff submitted his response to defendant Berry's motion

to prison staff on December 27, 2018, electronically filed on December 28, 2018.  (Doc. 149.)

Plaintiff's response to defendant Allen follows a one-page filing styled as both a response to

defendant Allen's motion and as a motion for summary judgment against defendant Allen.  (Doc. 144.)

The next filing is plaintiff's memorandum in support of his motion for summary judgment.  (Doc.

-1-

145.)  Defendant Allen, in Doc. 147, moves to strike plaintiff's motion for summary judgment (Doc. 144), memorandum in support (Doc. 145), and response to defendant Allen's motion for summary judgment (Doc. 146).  Defendant Berry moves to strike plaintiff's memorandum in opposition (Doc. 149) to defendant Berry's motion for summary judgment.  (Doc. 153.)  Plaintiff moves for leave to resubmit his response to defendant Berry's motion for summary judgment.  (Doc. 156.)

The core of this dispute is that plaintiff's filings appear substantively similar to plaintiff's previously-filed memorandum in support of summary judgment against defendant Allen (Doc. 73.), and plaintiff's unconventional approach to filing results in the same document being labeled as both a memorandum supporting plaintiff's motion summary judgment and as a memorandum opposing defendants' motions for summary judgment.  This treatment then creates two different deadlines for defendants to respond in both opposition and reply to the same document.  *See* D. Kan. Rule. 6.1(d).

Plaintiff submitted his first motion for summary judgment against defendant Allen to prison staff on August 31, 2017, electronically filed on September 2, 2017.  (Doc. 72.)  Plaintiff filed his supporting memorandum on the same day.  (Doc. 73.)  The court denied plaintiff's motion for summary judgment on September 19, 2018.  (Doc. 121.)

A review of the filings in this case shows that while the substantive analysis of plaintiff's responses and supporting memoranda are nearly identical to plaintiff's supporting memorandum for his previously-denied motion for summary judgment, plaintiff has identified different contested facts as to both defendants.  (*Compare* Doc. 146, at 4–5 (discussing 7 fact paragraphs of defendant Allen's motion), *with* Doc. 149 at 4–8 (discussing 97 fact paragraphs of defendant Berry's motion).)  Defendants, understandably confused by the deadline conflicts created by the apparent filing of the same document as both motion and memorandum in opposition, have asked this court to strike plaintiff's filings or otherwise grant leave to respond.  Defendant Allen notes that the court already

denied plaintiff's first motion for summary judgment and further argues that the court set a dispositive motion deadline of November 13, 2018 in its order denying plaintiff's motion for scheduling order. (Doc. 126.) Defendant Berry notes that plaintiff's response memorandum is also styled as supporting a motion for summary judgment despite there being no corresponding motion for the memorandum to support. Defendant Berry further argues that plaintiff's response is untimely as not filed on or by December 4, 2018.

Plaintiff responds to defendant Berry's motion to strike by stating that he did not receive defendant Berry's motion for summary judgment until December 6, 2018, and pursuant to the Prison Mailbox Rule his response was not due until December 27, 2018, so his response was timely submitted. Plaintiff further moves for leave to resubmit his motion for summary judgment against defendant Berry, arguing that his motion was not electronically filed with his memorandum when submitted to staff, and attaches his one-page motion for summary judgment. Plaintiff responds to defendant Allen's motion by arguing that his second motion for summary judgment is not identical, that only parts of the second motion are similar to his first motion, and that the court denied his first motion without prejudice.

## II. LEGAL STANDARDS

When a plaintiff proceeds pro se, the court construes his or her filings liberally, but does not assume the role of an advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Under Federal Rule of Civil Procedure 56, a party moving for summary judgment must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Factual positions must be supported by citation to the record or evidence, including documents and affidavits, or by showing that cited materials do not establish the presence or absence of a genuine dispute, or that an adverse party cannot produce admissible evidence

to support a fact.  Fed. R. Civ. P. 56(c)(1).  A party moving for summary judgment must support

factual statements by referring with particularity to portions of the record on which the party relies, and

properly-supported facts will be deemed admitted unless specifically controverted in opposition.  D.

Kan. Rule 56.1.  Any opposition must similarly support factual contentions by referring with

particularity to the record or risk the moving party's statements being admitted as not properly

opposed.  *Id.*  A moving party's reply to a properly-supported opposition must similarly respond to any

additional statement of material facts by the non-moving party.  *Id.*

### III.    DISCUSSION

The court recognizes defendants' difficulty in handling pro se plaintiff's unconventional

approach to summary judgment, as well as the difficulty of plaintiff's circumstances, which place

precise electronic filing largely beyond his control.  The court resolves the parties' concerns as

follows:

### A.  Plaintiff's Deadlines and Timeliness

Defendant Allen argues that this court set a dispositive motion deadline of November 13, 2018,

and that this deadline applied to all parties.  In this court's order denying plaintiff's motion for a

scheduling order, the court considered defendant Berry's representation that she planned to file for

summary judgment "within 45 days—by November 12, 2018," and noted that "any such filing might

be timely filed on November 13, 2018."  (Doc. 126, at 1.)  The court continued that "[a]t the expiration

of that time . . . if no dispositive motions have been filed, plaintiff may refile [his] motion to conduct a

scheduling conference, or the court may set one sua sponte."  (*Id.* at 1–2.)  This was thus a window

during which the court would not consider a scheduling conference—not a dispositive motion deadline

as to all parties.

Defendant Berry argues that plaintiff's response is untimely because it was due on December 4, 2018 and not filed until December 28, 2018. Plaintiff responds that he did not receive defendant Berry's motion until December 6, 2018, and the record shows plaintiff submitted his response to staff on December 27, 2018, and the response was electronically filed the next day. Pursuant to the Prison Mailbox Rule and Local Rule 6.1, because plaintiff did not receive defendant Berry's filing until December 6, 2018, plaintiff's response must be deemed timely if properly submitted. *See Price v. Philpot*, 420 F.3d 1158, 1165–66 (10th Cir. 2005). It is not clear that plaintiff complied with the Tenth Circuit's mail-based methods of filing necessary to trigger the Prison Mailbox Rule, and it is unclear whether the Tenth Circuit would consider the rule to be satisfied by submitting documents to prison staff for electronic filing. *Compare Tijerina v. Patterson*, 446 F. App'x 961, 962–63 (10th Cir. 2011) (considering rule satisfied by unsigned correspondence log accompanied by stipulation), *with Taylor v. Brown*, 757 F.3d 851, 859 & n.10 (7th Cir. 2015) (considering rule satisfied by submitting documents to staff for electronic filing). To resolve these issues, the court construes plaintiff's response as timely-filed, and alternatively accepts plaintiff's response to the extent it may be filed late.

### B. Plaintiff's Filings Against Defendant Berry

The court construes plaintiff's response to defendant Berry's motion for summary judgment as a timely-filed memorandum in opposition to defendant Berry's motion for summary judgment. (Doc. 149.) In light of plaintiff's attachment to his motion for leave to amend, the court also construes plaintiff's response as a timely-filed motion for summary judgment against defendant Berry. (Docs. 149; 156; 156-1.) This construction avoids unnecessary delay and further risk of filing confusion, the subject of plaintiff's current motion for leave. Because plaintiff's motion for leave would be granted solely to re-file his attachment as a motion and achieve the identical result reached here, the court denies plaintiff's motion for leave (Doc. 156) as moot.

### C. Plaintiff's Filings Against Defendant Allen

Although plaintiff argues that his second motion is only partially identical to his original motion, the second supporting memorandum is substantively identical to his first filing except for the addition of contested facts. (*Compare* Doc. 145 at 3–4, *with* Doc. 73 at 3–4.) Plaintiff's attempt to contest two facts by motion (Doc. 145 at 3–4), unaccompanied by any new argument, evidence, or citation to the record, fails to raise any new evidence or issues that were not responded to by defendant Allen and resolved by this court's prior order. (Doc. 121.) Plaintiff's second motion for summary judgment against defendant Allen (Doc. 144) is therefore denied as duplicative, and alternately for the same reasons the court denied plaintiff's first motion for summary judgment. (*See* Docs. 72; 121.)

Plaintiff's second motion for summary judgment against defendant Allen, electronically filed as a response (Doc. 146), will be construed as a timely-filed memorandum in opposition to defendant Allen's motion for summary judgment. Due to an obvious error in attaching all pages of the Wahquahboshkuk affidavit (*Compare* Docs. 145-1, at 4–5, *and* 146, at 41–42, *with* Doc. 73-1), and the identical complete document coming to the court's attention during analysis of the confusion in the parties' present motions, the court will construe the complete affidavit (Doc. 73-1) as though fully attached to plaintiff's memorandum in opposition (Doc. 146) to defendant Allen's motion for summary judgment.

### D. Defendants' Motions to Strike or for Leave to Respond

With respect to defendants' motions to strike plaintiff's filings, such a remedy generally only applies to content within pleadings, not to motions or supporting and opposition memoranda. *See* Fed. R. Civ. P. 12(f). With respect to defendants' position that much of plaintiff's present filings do not comply with procedural requirements, the court will construe plaintiff's filings as submitted in the manner detailed above, but will disregard rather than strike noncompliant portions of any filings in this

matter.  *See Kickapoo Tribe of Indians of Kickapoo Reservation in Kan. v. Black*, No. 06-2248-CM, 2013 WL 3878007, at \*2–3 (D. Kan. July 26, 2013) (discussing similar unconventional combined motion and memorandum filings).  Defendants' motions to strike, or alternatively for leave to respond (Docs. 153; 156) are granted in part and denied in part.  The court provides appropriate leave to respond as follows:

Defendant Berry is granted 30 days from the date of this order to respond to plaintiff's motion for summary judgment (Doc. 149).  Defendant Berry is granted 30 days from the date of this order to submit a reply memorandum to plaintiff's memorandum in opposition to her motion for summary judgment (Doc. 149).  Defendant Allen is granted 30 days from the date of this order to submit a reply memorandum to plaintiff's memorandum in opposition to her motion for summary judgment (Doc. 146).  To the extent that defendants wish to resubmit any arguments in their responses and replies that were raised in their motions to strike, they may do so without prejudice.  The court notes that reply briefing is optional.  *See* D. Kan. Rule 7.1(c).

In sum, the record is construed as follows:

- Document 146 is construed as a timely-filed memorandum in opposition to Defendant Allen's motion for summary judgment.  Document 73-1 is construed as properly attached to Document 146.

- Document 149 is construed as both a timely-filed memorandum in opposition to Defendant Berry's motion for summary judgment, and as a timely-filed motion for summary judgment against Defendant Berry.

**IT IS THEREFORE ORDERED** that plaintiff's motion for summary judgment against defendant Allen (Doc. 144) is denied.

**IT IS FURTHER ORDERED** that defendants' motions to strike or for leave to respond (Docs. 147; 153) are granted in part and denied in part.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave (Doc. 156) to resubmit his motion for summary judgment is denied as moot.

**IT IS FURTHER ORDERED** that defendant Berry is granted 30 days from the date of this order to respond to plaintiff's motion for summary judgment (Doc. 149) and to submit a reply memorandum to plaintiff's opposition to her motion for summary judgment.

**IT IS FURTHER ORDERED** that defendant Allen is granted 30 days from the date of this order to submit a reply memorandum to plaintiff's opposition (Doc. 146) to her motion for summary judgment.

Dated this 23rd day of July, 2019, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
